JAMES M. HANEY, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO DANE CIRCUIT COURT.

A defendant sentenced to a punishment different from that presented by the statute defining the offence of which he is convicted, may assign such sentence for error, though of less severity than that prescribed by the statute.

Where the defendant was indicted for an assault with intent to murder, being armed with a dangerous weapon, to wit: a pistol loaded with gunpowder and lead, and on conviction was sentenced to pay a fine of $200, while the statute prescribed punishment by imprisonment in the state prison not more than five years, nor less than one year, and the defendant brought error; Held, such judgment unauthorized by statute and erroneous.

Where the statute specifically describes an offence, and specifically prescribes the punishment therefor, all other kinds and degrees of punishment are excluded and unauthorized.

THE defendant was indicted at the April term, A. D. 1851, of the Dane Circuit Court. The indictment after the caption was in the following words:

"At a term of the Circuit Court for the county of Dane, begun and held at the capitol, in the village of Madison, on the sixteenth day of April, in the year of our Lord one thousand eight hundred and fifty-one:

"The grand jury, good and lawful men of the county of Dane and state of Wisconsin, duly summoned and then and there impanneled, sworn and charged to inquire for the state of Wisconsin in and for the body of the county of Dane, and state aforesaid, upon their oaths aforesaid, do present that James M. Haney, late of the county of Dane and state of Wisconsin, on the first day of April, in the year of our Lord one thousand eight hundred and fifty-one, in the county of Dane aforesaid, with force and arms, in and upon one Thomas Arland, in the peace of God and the state of Wisconsin then and there being, did make an assault, and the said James M. Haney being then and there

VOL. V. 34

armed with a dangerous weapon, to wit: a pistol then and there loaded with gunpowder and leaden bullet, which he, the said James M. Haney, in his right hand then and there held and pointed at the said Thomas Arland, then and there unlawfully and maliciously did shoot, with intent then and there and thereby willfully and of his malice aforethought, the said Thomas Arland to murder, against the form of the statute in such cases made and provided, and against the peace and dignity of the state of Wisconsin."

The defendant having been arrested and arraigned, pleaded not guilty, and was tried and found guilty in manner and form as charged in the indictment.

Afterwards the defendant, by his counsel, moved in arrest of judgment, for the following reasons:

1. The indictment found herein does not charge that the assault was made with a felonious intent to commit murder or any other crime.

2. The indictment does not charge that the assault was committed with any intent whatever.

3. The indictment does not charge that the defendant was armed with any dangerous weapon at the time of making the assault.

4. The indictment does not charge any offence to have been done feloniously.

5. The verdict being in general terms, the court cannot render a judgment, because two offences are charged in the indictment, to wit: an assault, and a shooting with intent to murder.

There was also filed a motion for a new trial, which, together with the motion in arrest of judgment, was overruled; whereupon the judgment was entered upon the verdict as follows:

"It is considered and adjudged by the court, that the said defendant, James M. Haney, do pay a fine of two hundred dollars and costs of prosecution, and that he stand committed to the common jail of Dane county until the same be paid."

*T. Hood*, for the plaintiff in error.

*Wm. R. Smith*, attorney-general, for the state.

*By the Court*, SMITH, J. This case has been a long time on the calendar, and is now submitted without argument or brief on either side, and will be briefly disposed of.

It seems that the defendant was indicted under the 35th section of chapter 133 of the Revised Statutes, which provides as follows:

" If any person, being armed with a dangerous weapon, shall assault another with intent to rob or murder, he shall be punished by imprisonment in the state prison not more than five years nor less than one year."

The defendant was convicted on the trial, after which motions in arrest of judgment and for a new trial were made, but as the latter is not made part of the record by bill of exceptions, the former only, together with the record as presented, are open for consideration and adjudication here. These motions were severally overruled, and the defendant was sentenced to pay a fine of two hundred dollars, and costs of prosecution.

We find no assignment of errors, and no briefs of counsel, and are, therefore, wholly uninformed of the points relied upon by the counsel for the plaintiff in error, or by the attorney-general.

From an inspection of the indictment, however, we presume that the main error relied upon by the plaintiff in error is, that the sentence of the court is not in conformity with that prescribed by the statute for the offence described in the indictment.

The punishment prescribed for the offence of which the defendant was convicted, is " imprisonment in the state prison, not more than five years, nor less than one year.".

It is apparent that the sentence pronounced by the court on conviction upon this indictment, is not the one prescribed by the statute, and is, therefore, unauthorized by law.

It is unnecessary to cite authorities to show that the defendant in a criminal case may assign error upon a judgment which is not conformable to the law of the case, although such judgment is of less severity than that which the law prescribes.

We think it can hardly admit of a doubt, that the indictment

in this case is based upon the 35th section of chapter 133 of the Revised Statutes, which is as follows:

"If any person, being armed with a dangerous weapon, shall assault another with intent to rob or to murder, he shall be punished by imprisonment in the state prison, not more than five years, nor less than one year."

There has been no objection to the sufficiency of the indictment, under this section of the statute suggested to us, and we cannot doubt but that it was framed with express reference to its provisions, and that it is adequate to the material and substantial requirements of the statute. If these views are correct, the sentence pronounced by the court upon the conviction of the defendant, is not the sentence which the law prescribes, nor one which the law authorized the court to pronounce, and, therefore, cannot be sustained.

We have examined sections 31 and 32 of the same chapter, in order to ascertain whether the judgment of the court could be sustained upon a fair construction of their provisions. They are as follows:

"§ 31. If any person with malicious intent to maim or disfigure, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off an ear, cut or slit, or mutilate the nose or lip, or cut off or disable a limb or member of any person, every such person so offending, and every person privy to such intent, who shall be present, aiding in the commission of such offence, shall be punished by imprisonment in the state prison, not more than five years, nor less than one year, or by fine, not exceeding one thousand dollars, nor less than two hundred dollars.

"§ 32. If any person shall assault another, with intent to murder, or to maim or disfigure his person, in any of the ways mentioned in the next preceding section, he shall be punished by imprisonment in the state prison, not more than five years, nor less than one year, or by fine not exceeding one thousand dollars, nor less than one hundred dollars."

Without stopping to indulge upon any criticism upon the peculiarity of the language of the 32d section as it may be there applied to an assault with "an intent to commit murder in any

of the ways mentioned in the next preceding section," viz : by cutting out or maiming the tongue, putting out or destroying an eye, cutting or tearing off an ear, cutting or slitting or mutilating the nose or lip, or cutting off or disabling a limb or member of any person, it is sufficient to remark, that this language, referring to the means by which the offence thereby described is to be accomplished, can have no application to the offence described in this indictment, because the instrumentality which is made a *sine qua non* accompanying the felonious intent mentioned in the 35th section, is specifically designated in the indictment in this case; viz : the being armed with the dangerous weapon by which that intent was to be carried into execution. The dangerous weapon is named in the indictment, the intent of the assault, being so armed, together with the malice aforethought, which would seem to preclude a reference of the offence described in the indictment to any other specification than that of the 35th section. Then, as the punishment of the offence described by that section is specifically described by that statute, all other degrees of punishment than such as are there prescribed, are necessarily excluded and unauthorized.

It would seem to be unnecessary to extend our remarks any further than we have, to call attention to the obvious intention of the several statutes that might seem to have relation to the subject matter, and the language of the indictment itself.

The judgment of the court below not being in conformity with the statute, is reversed.