## BROWN vs. THE STATE.

[INDICTMENT FOR PERJURY.]

1. *Indictment; when sufficient.*—An indictment for perjury, in the form prescribed in the Revised Code, is sufficient.—Revised Code, p. 812, No. 44.
2. *Variance.*—A charge of larceny of the property of M. G. is not the same as a like charge of the property of W. G. M. G. or his son M. G., and a record of the latter case is not competent proof of the former.
3. *Sentence; when illegal.*—A sentence for a longer or shorter time than the law prescribes is error. The court can not sentence one convicted of perjury to confinement in the penitentiary for *two* years.—Revised Code, § 3557 ; 5 Wis. 529 ; 20 Gratt. (Va.) 848.

APPEAL from Circuit Court of Dallas.
Tried before Hon. JAMES Q. SMITH.

G. A. NORTHINGTON, for appellant.—1. There was a clear

variance in the proof.    The proof offered shows a different offense, in law, from the one about which the perjury is alleged, and for which appellant was on trial.

2. There is no law whatever which authorizes *two* years imprisonment on conviction in a case of this kind.    The sentence is therefore unlawful.—Rev. Code, § 3557.    The law is in effect the same as if it expressly enacted that on a conviction for perjury the sentence of imprisonment shall *not be for two years*, or any less number than three years. Where a defendant is convicted, and the law under which the trial was had is repealed (without a saving clause,) before sentence passed, the court has no power in the premises.    And it has as much right to pass sentence in such a case, as it had to pass the sentence it did in this case.    The judgment and sentence must be reversed, because there is no law to sustain them.

J. W. A. Sanford, Attorney-General, *contra*.

PETERS, J.—This is an indictment for perjury.    The appellant, Jonas Brown, was found guilty and sentenced to the penitentiary for *two* years.    From this judgment he appeals to this court.

There are but two questions of serious moment raised on the record.    The one is a point raised upon an exception reserved in the bill of exceptions, and the other is an objection to the judgment of the court condemning the accused to *two* years imprisonment in the penitentiary. There is also an objection to the sufficiency of the indictment, raised on motion in arrest of the judgment, but this objection is not sustained by the record.    The indictment is in one of the forms given in the Revised Code.—Rev. Code, p. 812, No. 44; *ib.* §§ 3557, 4139.    The charge is, that the accused committed the perjury alleged on a trial in the circuit court "under an indictment for feloniously taking and carrying away one horse or poney, the property of *W. G. M. Golson, or his son Mallard.*"    The record offered in proof of this averment showed that the indictment was for feloniously taking and carrying away "a bay mare

poney or horse, the property of *W. G. M. Golson's son
Mallard.*" This was objected to by the defendant below,
the objection was overruled by the court, and the defend-
ant excepted, and incorporated his exception into the
record by bill of exceptions. It is now insisted by the ap-
pellant's counsel that there is a fatal variance between the
allegation and the proof, and that the court below erred in
refusing to exclude this record on account of such variance.
In such a case, the variance is material if the offense al-
leged can not be supported by the same evidence which
would support the offense attempted to be proven. Here,
the evidence which would sustain an averment that the
horse stolen was the property of Mallard Golson, would
not sustain an allegation that it was the property of his
father. Then there might be a conviction under one
charge which could not be sustained under the other.
Such indictments are not identical. Necessarily, then, the
one is variant from the other. The record, then, should
have been rejected. The court erred in refusing defend-
ant's motion to exclude it.—1 Bish. Cr. Law, § 886.

The second objection above mentioned, which assails the
sentence of the court below, is also well taken. The court
can impose only such penalty as the law sanctions. It can
not impose a sentence of greater or less severity than that
commanded by the law. In such a case, the question is
not one of injury or favor to the accused, but one of legal
authority. The court can only do what the law commands.
Its judgment is a declaration of the law.—*Haney v. The
State*, 5 Wis. 529; *Jones v. Commonwealth*, 20 Grattan, 848.
On a conviction for perjury, there is no authority of law to
confine the accused in the penitentiary for a less term than
three years, nor for a longer term than twenty years.—Rev.
Code, § 3557. The sentence of the court, then, was wholly
without authority of law. Such a judgment is error.

The judgment of the court below is therefore reversed,
and the cause is remanded for a new trial. And the de-
fendant, said Jonas Brown, will not be discharged except
by due course of law.