# Hicks *v.* The State.

*Indictment for Perjury.*

1. *Sufficiency of indictment.*—An indictment for perjury, which charges that the defendant, on her examination as a witness before a commissioner appointed by the register in chancery to take the testimony in a suit for divorce then pending in his court, naming the parties, and stating the substance of her testimony alleged to be false, is sufficiently certain and definite ; and a general averment that the testimony was material is enough, although its materiality does not affirmatively appear.

2. *Proof of adultery.*—In a suit for divorce on the ground of adultery, evidence of acts committed prior to the marriage is admissible, in connection with proof of subsequent acts with the same person.

FROM the Circuit Court of Elmore.

Tried before the Hon. JAMES R. DOWDELL.

The indictment in this case charged that the defendant, Ann Hicks, "on her examination as a witness, duly sworn

[Hicks v. The State.]

to testify, before William S. Penick, who had been duly appointed commissioner by the register in chancery of Elmore county, Albert Wilson, to take the written testimony in a civil action for divorce in the Chancery Court of Elmore county, in which one William Shirley was plaintiff, and Annie Shirley was defendant, being duly sworn by said W. S. Penick, who had authority to administer such oath, falsely swore that, about the middle of May in the year 1885, on Wednesday or Thursday morning, in the woods about two hundred yards from the Tallassee road, and about a quarter of a mile from Mrs. Susan Melton's house, she saw Annie Melton on the ground, and a man by the name of Lewellen Jordan on top of her, and when they saw her they jumped up and ran ; the matters so sworn to being material, and the oath of the said Ann Hicks in relation to such matters being willfully and corruptly false." The defendant demurred to the indictment, "because what Annie Melton did could not be material in a trial of a divorce case pending between William Shirley and Annie Shirley ;" and the demurrer being overruled, she pleaded not guilty. On the trial, the prosecution offered in evidence the defendant's deposition taken in said chancery suit, in which she swore, in substance as alleged in the indictment, to an act of adultery between Annie Melton (afterwards Mrs. Shirley) and Lewellen Jordan. The bill of exceptions adds: "The said bill in chancery was for divorce on the ground of adultery, and there was other evidence tending to show, in said cause, acts of adultery after marriage. The defendant objected to the admission of said evidence, because the same was not material to the issue being tried in said chancery cause," and she excepted to the overruling of the objection. This is the only ruling shown by the bill of exceptions.

T. L. BULGER, and WATTS & SON, for appellant, cited *Jacobs v. State*, 61 Ala. 453 ; *Ingram v. State*, 39 Ala. 251.

THOS. N. McCLELLAN, Attorney-General, *contra*, cited *Williams v. State*, 68 Ala. 551 ; *Lawson v. State*, 20 Ala. 65; *Com. v. Merriam*, 14 Pick. 519 ; *Com. v. Eastman*, 1 Cush. 216 ; *Com. v, Miller*, 3 Cush. 250 ; *Com. v. Tuckerman*, 10 Gray, 201 ; *Cross v. State*, 78 Ala. 450 ; *Gassenheimer v. State*, 52 Ala. 319 ; *Johnson v. State*, 35 Ala. 370.

SOMERVILLE, J.—The indictment, which is one charging the defendant with perjury, substantially follows the

form prescribed by the Code.—Criminal Code, 1886, Form
No. 67, p. 275 ; and § 3908.    The substance of the pro-
ceedings, in which the alleged false oath was taken, is suf-
ficiently averred in the statement that it was before one Wil-
liam Penick, who had been duly appointed commissioner by
the register in chancery, one Albert Wilson, with authority
to take the written testimony of the defendant in a civil ac-
tion for divorce pending in the Chancery Court of Elmore
county, in which one William Shirley was plaintiff, and
Annie Shirley was defendant.    This averment is descriptive
of the occasion of the alleged perjury, of the tribunal in
which the action was pending, and of the jurisdiction of the
officer by whom the oath was administered, and is intended
for identification, to show that the oath was not extra-judi-
cial.    It is not wanting in any of the elements of reasonable
certainty, which is all the law requires.    Nor is it required
that the materiality of the false oath or evidence should ap-
pear upon the face of the indictment, otherwise than by gen-
eral averment.    This is all the prescribed form requires, and
the form is sufficient.—*Williams v. State*, 68 Ala. 551 ;
*Peterson v. State*, 74 Ala. 34 ; *Jacobs v. State*, 61 Ala. 448.

The objections to the evidence are not, in our judgment,
well taken.    The evidence to which objection was taken, was
properly admitted.    The ground of the objection goes to the
fact of the materiality of the alleged false oath, it being
urged that the fact of the wife's adultery before marriage
can not tend to prove her alleged adultery after marriage ;
and this being the fact testified to, on which the defendant's
perjury was predicated, it is insisted that it was not material
to the issues in the divorce suit, which was based on the
ground of adultery.

The bill of exceptions does not purport to set out all the
evidence introduced on the trial ; and for this reason the ob-
jection must be overruled, because, rather than put the
court in error, we must presume that there may have been
other evidence omitted from the record, which would have
rendered that objected to relevant.    But, independently of
this, the bill of exceptions states that there was other evi-
dence, tending to show acts of adultery after marriage.    Con-
struing the bill most strongly against the exceptant, in ac-
cordance with the settled rule, it must be interpreted to
mean evidence was offered of other acts of adultery between
the same parties.    The authorities fully settle the admissi-
bility of such evidence as to anterior acts of adultery, for

[Tate v. The State.]

the purpose of proving an adulterous disposition in the persons implicated, which itself tends to prove the particular act charged, as a continuation of the same immoral proclivity.—*Cross v. State,* 78 Ala. 430 ; *Lawson v. State,* 20 Ala. 65 ; 2 Greenl. Ev. (14th Ed.), § 47 ; and cases cited in brief of Attorney-General.

The judgment must be affirmed.

### *Indictment for Perjury.*