# Walker *v.* The State.

*Indictment for Perjury.*

1. *Indictment for perjury; sufficiency of.*—An indictment for perjury committed in a civil case is sufficient under the statute (Code, § 3809), when it substantially follows the form prescribed by the Code (No. 67 of Forms of Indictments), in alleging the substance of the proceedings in which the oath was taken, the name of the officer before whom it was taken, his authority to administer the oath, and the falsity and materiality of the matter sworn to.

2. *Variance between indictment and proof.*—In a trial for perjury, where the indictment charges that the defendant falsely made an affidavit for a new trial in a civil action by one G. against him, an affidavit for a new trial in the case of *G. et als.* against him should not be admitted in evidence against the defendant's objection on the ground of variance.

[Walker v. The State.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. T. M. Arrington.

The indictment in this case charged that the defendant, Elisha Walker, "on an application for a new trial in a civil action in the Circuit Court of Montgomery county, in which one Jacob Griel was plaintiff and said Elisha Walker defendant, being duly sworn by the clerk of said court, who had authority to administer such oath, falsely swore that he (Walker) never executed the mortgage which was offered in evidence on the trial of said civil action and which purports to have been signed by him and his wife; that he (Walker) was not indebted to Jeff Sagers in any amount whatever; that said mortgage, so far as he (Walker) and his wife were concerned, was a complete fabrication; and that said Sagers never applied to him (Walker) to sign any note or mortgage or other evidence of debt; the matters so sworn to being material, and the oath of the said Elisha Walker in relation to such matters being wilfully and corruptly false, against the peace and dignity of the State of Alabama."

A verdict of guilty having been rendered, the defendant moved for arrest of judgment, upon the ground that the indictment was defective for the following reasons: (1.) That it failed to show or allege the substance of the proceeding in which the alleged perjury was committed; (2.) That it failed to show that the affidavit assigned was used in the trial or hearing of the application for a new trial; (3.) That it failed to show the materiality of the matters assigned as perjury; (4.) That it failed to specify which part of the affidavit assigned was material or false; (5.) That it charged no offense. This motion was overruled.

JOHN GINDRAT WINTER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—The indictment in this case substantially follows the form prescribed by the Code for an indictment for perjury committed in a civil case.—Criminal Code, 1886, Form No. 67, p. 275; and § 3908. The substance of the proceeding, in which the alleged false oath was taken, is as fully averred as in the Code form; the name of the officer before whom the oath was taken, that such officer had authority to administer the oath, and the falsity and materiality of the matter on which the perjury is assigned, are clearly and definitely alleged. Under the statute, these allegations

are sufficient.—Code, § 3908; *Barnett v. State,* 89 Ala. 165; *Hicks v. State,* 86 Ala. 30.

The indictment describes the proceeding in which the alleged false oath was taken as "an application for a new trial in a civil action in the Circuit Court of Montgomery county in which one Jacob Griel was plaintiff and said Elisha Walker defendant." The State offered in evidence an affidavit of the defendant which showed on its face that it was made in "the case of *Jacob Griel et als. v. Elisha Walker.*" This evidence did not correspond with the allegation of the indictment as to the description of the proceeding in which the affidavit was made. A suit by Jacob Griel and others is not properly described as a suit by Jacob Griel alone. The proceeding alleged and the one proved are not identical. It can not be affirmed that the case mentioned in the affidavit was the same as the one described in the indictment. The allegation of the indictment in this regard is material matter of description. It imports a suit in which there was but one plaintiff. The proof offered does not correspond with that description. The objection to this proof on the ground of variance should have been sustained.—*Brown v. State,* 47 Ala. 47; *McMurry v. State,* 6 Ala. 324; *State v. Harwell,* 4 Jones Law (N. C.) 55; *State v. Mayson,* 3 Brevard (S. C.) 284; Clark's Manual Cr. Law, § 1243.

The other evidence on the trial as to the suit in which the affidavit for a new trial was made by the defendant disclosed a case not answering to the description given in the indictment. In this regard there was a fatal variance between the allegation and proof. This variance renders unnecessary the consideration of other questions developed on the trial.

Many of the questions arising on the evidence as applicable to the present indictment may be met and obviated in the framing of a new indictment. The proceeding in which the affidavit in question was made may be described so that the proof will correspond with the description. Different counts may be introduced to meet the different aspects of the evidence upon the inquiry as to whether the defendant, in making the affidavit, was sworn by the clerk or by the deputy clerk; and a count may be added alleging in the alternative that the defendant was sworn by the clerk or by the deputy clerk.—Code, § 4383.

Reversed and remanded.