# McClerkin v. The State.

## Indictment for Perjury.

1. *Indictment for perjury; sufficiency thereof.*—An indictment for perjury, which alleges the title and character of the case in which the alleged false testimony was given, that the defendant was sworn by an officer who had authority to administer such oath, the facts testified to, the materiality of the testimony, and that it was willfully and corruptly false, is sufficient, and is not demurrable on the ground that it fails to allege the substance of the proceedings and pleadings in such action in which the false testimony was given, or in omitting to name the county in which the injuries sued for in said action were received, and that the cause of action in said case arose within the jurisdiction of the court which tried it, or in failing to aver that the whole, or what particular part of the defendant's testimony was false.

2. *Evidence; when copy of corporate charter granted in another State admissible.*—A copy of what purports to be a corporate charter granted in another State, authenticated, as required by act of Congress, by a certificate of the Clerk of the House of Delegates and Keeper of the Rolls of the State in which the charter was granted, that "the foregoing is a copy of the act" granting said charter, and also by a certificate of the governor as to the official character of the clerk who had certified it, is admissible in evidence to prove the fact of incorporation, although not contained in a book purporting to be published by authority of such State, and although the clerk's certificate does not state that it was a full, complete and correct copy of the act.

3. *Charge of court to jury in criminal cases.*—On a trial under an indictment for perjury, it is not improper for the court in its general charge to instruct the jury as follows: "Then, carefully consider and compare all the evidence, and say whether the defendant's evidence, complained of in the indictment, was false or true. If you find different witnesses contradicting each other, then, as reasonable, intelligent men, weigh the testimony of the State going to show the falsity of defendant's statement against the evidence showing its truth, and try and determine which you must believe."

4. *Indictment for perjury; fatal variance between allegation and proof.*—Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved as alleged; and in an indictment for perjury, although it is not necessary for the legal sufficiency of the indictment to aver the particular officer before whom the oath was taken, if it is alleged that the defendant was sworn "by

[McClerkin v. The State.]

the clerk of said county," and it is shown that there was no such officer as clerk of the county, but that the oath was administered by the clerk of a city court, there is a fatal variance between the allegation of the indictment and the proof as to the identity of the officer who administered the oath, and the defendant would be entitled to have the jury instructed "that if they believe the evidence, they should find the defendant not guilty."

APPEAL from City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that Will McClerkin *alias* William McClerkin, on the trial of a civil action in the city court of Anniston, for damages for personal injury to John Smith, while said Smith was an alleged passenger on one of the Richmond & Danville Railroad Company's trains, leaving Anniston for Birmingham on June 17th, 1891, in which John Smith was the plaintiff and the Richmond & Danville Railroad Company, a corporation under the laws of the State of Virginia, defendant, being duly sworn by the clerk of said county, who had authority to administer such oath, falsely swore that he, McClerkin, was a passenger on said train from Anniston, and was such passenger just below Irondale; that he saw Smith buy a ticket at Anniston for Birmingham; that he saw him pay for it; that he saw the conductor take it up; that he was in the same car with Smith; that after the train left Irondale that said Smith went from the rear end of the car—where he had been sitting—to the front end of the car; that the conductor asked said Smith for his fare, and Smith told him he had paid; that the conductor began to curse Smith; grabbed him, the said Smith, up and pushed him out of the door in front of him, and shoved him, said Smith, off the car; the matters so sworn to being material, and that the oath of said McClerkin in relation to such matters being willfully and corruptly false, against the peace and dignity of the State of Alabama." The defendant demurred to this indictment on the following grounds: "1 The substance of the proceedings or pleadings in the cause in which the defendant is charged with having taken a false oath is not set out therein. 2. Said indictment fails to aver from whom John Smith claimed damages in the suit for personal injury; and fails to

show for what acts or conduct of the Richmond & Danville Railroad Company, or its officers, damages were claimed for personal injury. 3. Said indictment omits to aver that the personal injury for which damages were claimed, were received by John Smith in Calhoun County, Alabama; and fails to show that the cause of action in the case in which defendant is charged with having taken a false oath, arose within the four beats covered by the jurisdiction of the city court of Anniston. 4. Said indictment notes no assignment of perjury; and does not sufficiently assign perjury. 5. Said indictment fails to show sufficiently, and by particular averments, which part or parts of defendant's testimony was false. 6. Said indictment fails to note a sufficient assignment of perjury, in that, it fails to aver that the whole of defendant's testimony was false as set out therein." The demurrers were overruled, and to this ruling of the court the defendant duly excepted. The defendant thereupon pleaded not guilty, and the following special plea: 2. "The defendant for further plea says, that the cause of action in the suit of John Smith v. The Richmond & Danville Railroad Company, for personal injuries, tried in the city court of Anniston, as alleged in the indictment, did not arise within Calhoun county, Alabama, nor within either of the four beats of said county, which are covered by the jurisdiction of the city court of Anniston; but the personal injuries for which John Smith claimed damages in said suit, were received by him in Jefferson county, Alabama, and the wrongs complained of in said suit were committed by the officers or servants of the Richmond & Danville Railroad Company in said Jefferson county Alabama." The State demurred to the special plea, upon the ground, among others, that the said plea in no wise shows that the city court of Anniston did not have jurisdiction of the cause of John Smith v. The Richmond & Danville Railroad Company. This demurrer was sustained by the court, and to its ruling thereon the defendant duly excepted.

On the trial of the cause, as is shown by the bill of exceptions, the State introduced in evidence the final record in the case of John Smith v. The Richmond & Danville Railroad Company, which showed that the title of said cause and the proceedings therein were

substantially the same as alleged in the indictment, and that the testimony of the defendant, Will McClerkin, as set out in the indictment and given on the trial of that cause was relevant to the issues presented on the trial by the pleadings. The State then offered in evidence a copy of the act incorporating the Richmond & Danville Railroad Company, purporting to have been passed on March 9, 1847, by the legislature of Virginia. To this copy of the act was attached the following certificate: "The foregoing act is a copy of the act entitled 'An act incorporating the Richmond & Danville Railroad Company,' passed March 9, 1847." This certificate was signed by "J. Bell Bigger, Clerk of the House of Delegates and Keeper of the Rolls of Virginia." There was also attached to the copy of the act, the certificate of the Governor of Virginia, certifying that J. Bell Bigger, whose name was signed to the copy of said act, was the Clerk of the House of Delegates and Keeper of the Rolls of Virginia, was duly elected and qualified, and that he was authorized by the laws of the State of Virginia to make and sign such copies. The defendant objected to the introduction of this act, upon the grounds, among others: 1st, that it was immaterial and irrelevant; 2d, that it was not in a book purporting to be published by the authority of the State of Virginia; 3, because the said act was not properly certified to, in that the certificate of the Clerk of the House of Delegates and Keeper of the Rolls failed to show that it was a full, complete and correct copy of the act. The court overruled the defendant's objection, allowed the act to be introduced in evidence, and to this ruling the defendant duly excepted.

The State introduced evidence which tended to show that the defendant Will McClerkin was sworn by the clerk of the city court of Anniston as witness, and was examined as a witness in the cause of John Smith v. The Richmond & Danville Railroad Company, which was tried in the city court of Anniston, and further introduced evidence which tended to show that the facts testified to by the defendant, as a witness in said cause, were not true. The testimony for the defendant, who was examined as a witness in his own behalf, and the testimony of the said John Smith, tended to show that the testimony of the defendant in the cause of John Smith v. The Richmond

[McClerkin v. The State.]

& Danville Railroad Company was substantially as alleg-
ed in the indictment, and that such testimony was true.

The court in its oral charge, among other things, in-
structed the jury as follows: (1.) "Then, carefully con-
sider and compare all the evidence, and say whether the
defendant's evidence complained of in the indictment, was
false or true. If you find different witnesses contradicting
each other, then, as reasonable, intelligent men, weigh
the testimony of the State going to show the falsity of
defendant's statement against the evidence showing its
truth, and try and determine which you must believe."
(2.) "If, however, the State has convinced you that, in
the matters set forth in the indictment, this defendant,
being duly sworn in the cause as stated in the indict-
ment, testified willfully and corruptly false as to things
material in the cause, as alleged in the indictment, then
your verdict should be, 'We, the jury find the defendant
guilty as charged in the indictment.'" (3.) "Hence, I
solemnly charge you to carefully weigh the evidence,
one against the other, and see which side is telling the
truth." The defendant separately excepted to the giv-
ing of each of these portions of the court's oral charge,
and also separately excepted to the court's refusal to
give, among others, the following charge asked by him:
(1.) "The court charges the jury that if they believe
the evidence, they should find the defendant not guilty."

T. C. SENSABAUGH and JOSEPH CARTHEL, for appellant,
cited *Smith v. State*, 103 Ala. 57; Code, §§ 795, 2790.

W. C. FITTS, Attorney-General, for the State, cited
*Smith v. State*, 103 Ala. 57.

HARALSON, J.—1. There was a demurrer of six
grounds filed to the indictment, in which there was no
merit, as was made to appear in the case of *Smith v.
The State*, 103 Ala. 57. Smith was indicted and tried in
said court, on a similar indictment to the one in this
case. The 2d plea of defendant, to which the court sus-
tained properly a demurrer, was nothing more than an
attempt to raise by plea one of the grounds of the de-
murrer held to be bad.

2. There was no error in admitting the acts of the
legislature of Virginia incorporating the Richmond &
Danville Railroad Company. It was averred in the in-
indictment, that this company was a corporation, and

these acts, introduced to prove the fact, bore authentication as required by act of Congress (27th March, 1804) for their admission as evidence in the courts of this State.—Code 1876, p. 49.

3. The defendant requested six charges which were refused; and three separate parts of the court's general charge were excepted to. Those portions of the general charge numbered 1 and 3 seem to be proper instructions to a jury in a criminal case, and that part numbered 2 will be passed on later. Those requested by defendant and refused, except the first, were in substance and effect passed on by us in the case of *Smith v. The State*, 103 Ala. 57, *supra*. The one numbered 1 we proceed to notice.

4. It seems, that in an indictment for perjury, while it is entirely proper, following the form in the Code for perjury in a civil case, to aver the particular officer before whom the oath was taken, it is not necessary to do so for the legal sufficiency of the indictment. Indeed, in form 66, for perjury on trial of a criminal case, the averment in this respect is, that defendant was "duly sworn to testify," &c. This is all that is necessary to aver in any case. But that the oath was duly administered in some form, is an essential averment; and the rule is, that where a person or thing necessary to be mentioned in an indictment, is described with even unnecessary particularity, all the circumstances of the description must be proved, for they are made essential to the identity. The books abound with illustrations of variances in the allegations and proof in this respect—as for instance, on an indictment for stealing a horse of a particular color, the color is made descriptive of the particular animal stolen; or, in an indictment for stealing a bank-note, if the name of the officer who signed it be also stated, though unnecessary to have been done, it must be proved; or, nearer still to our case, if one is charged with perjury and it is alleged that the oath was administered on the Gospels, and the proof showed he was sworn otherwise—in all these and other similar instances, the particular descriptive allegations were held necessary to be proved, and variances in proof were declared fatal. In a recent case we held, that in a trial for perjury, where the indictment charged that the defendant falsely made an affidavit for a new trial in a civil

[Johnson v. The State.]

action by one G. against him, an affidavit for a new trial in the case of G. *et als.* against him, should not be admitted in evidence against defendant, on the ground of variance.—*Walker v. The State,* 96 Ala. 53 ; Clark's Manual, § 1240 ; 1 Greenl. Ev., §§ 63–65 ; 18 Am. & Eng. Encyc. of Law, 302, n.

In the case before us, the averment is, that the defendant ''being duly sworn *by the clerk of said county,* who had authority to administer such oath, falsely,'' &c. We have in this State no such officer as clerk of the county, but have a clerk of the county, circuit and city courts, and may have one of the probate court, if the judge appoints one. To which of these officers, if to either, the the averment relates, is not definitely or certainly stated. There was evidence tending to show, that the oath was administered by the clerk of the city court of Anniston. We must hold there was a fatal variance between the allegation and proof as to this matter, and for this reason that said charge number 1 should have been given. For the same reasons, and because misleading as applicable to this case, instruction numbered 2 in the court's general charge, to which an exception was saved, should not have been given.

There were other questions raised in the case on which it is unnecessary to pass. What has been said will tend to free the cause from difficulty on another trial, if defendant shall be held to answer under sections 4389, 4390 of the Code.

Reversed and remanded.