# Jackson v. The State

*Assault with Intent to Murder.*

(Decided June 18, 1908.   47 South. 77.)

*Witnesses; Impeachment; Bias.*—A witness for the state having testified that she was on friendly terms with the defendant, the defendant was entitled on cross examination to show that the witness had made remarks concerning the defendant which indicated an ill will towards him.

APPEAL from Bullock Circuit Court.

Heard before Hon. H. A. EVANS.

Hance Jackson was convicted of assault with intent to murded, and he appeals. Reversed.

Upon cross examination defendant's counsel asked Dinah Wright if she did not state to Bachet Smith at Downs, Ala., just after he took some of her land on Mr. Laslie's place last year and gave it to Hance Jackson, "that Hance Jackson had undermined you and that he was a damn rascal." The counsel for defendant also asked the witness if she was not mad with defendant because Mr. Smith gave him some of her land. Objection was sustained to both of these questions.

[Jackson v. The State.]

OSCAR S. LEWIS, for appellant. The court erred in refusing to permit the defendant to show on cross examination of the witness Wright statements that she had made concerning the defendant.—*Rarden v. Cunningham*, 136 Ala. 266; *Fincher v. The State*, 58 Ala. 215; *Shepherd v. The State*, 135 Ala. 12; *Bullard v. Lambert*, 40 Ala. 204; *Jones v. The State*, 141 Ala. 58.

ALEXANDER M. GARBER, Attorney-General, for the State. The court did not err in excluding the evidence offered.—*Carpenter v. The State*, 98 Ala. 31. One may not be 'impeached on collateral issues.—*Crawford v. The State*, 112 Ala. 1.

ANDERSON, J.—The defendant should have been permitted, upon cross-examination, to show bias on the part of the witness Dinah Wright. She had testified against him, and said that she was on friendly terms with him, and the defendant clearly had the right, on cross-examination, to show that he had gotten some of her land, and that she had made the remarks in question, which indicated ill feeling on her part towards the defendant.—*Rarden v. Cunningham*, 136 Ala. 266, 34 South. 26; *Drum & Ezekiel v. Harrison*, 83 Ala. 386, 3 South. 715.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.