# Jackson *v.* The State.

### *Perjury.*

(Decided June 18, 1908.   47 South. 77.)

*Perjury; Indictment; Variance.*—While it is not necessary that an indictment for perjury should state the officer before whom a witness was duly sworn, yet if the indictment charges that the witness was duly sworn by the clerk or judge, the state assumes the burden of proving the allegation, and the allegation is not supported by proof that the witness was sworn by. a deputy clerk where it did not show that it occurred in the clerk's presence and under his direction.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. C. HOWZE.

Sophie Jackson was convicted of perjury, and she appeals. Reversed and remanded.

The indictment charged that Sophie Jackson, on the trial of an ejectment suit in the circuit court of Jefferson county, Ala., in which one George Tribble was plaintiff and the said Sophie Jackson and one Frank Jackson were defendants, being duly sworn by the clerk or judge of said court, who had authority to administer such oath, falsely swore, etc., the matters so sworn to being material, and the oath of said Sophie Jackson in relation to such matters being willfully and corruptly false.

JOHN W. and ROSCOE CHAMBLEE, for appellant. The variance between the indictment and proof was fatal.— *McClerken v. The State,* 105 Ala. 107; *Waler v. The State,* 96 Ala. 53.

C 11

[Jackson v. The State.]

ALEXANDER M. GARBER, Attorney-General, for the State. There is no variance, for the act of the deputy was the act of his principal.—*Walker v. The State,* 107 Ala. 5.

ANDERSON, J.—The indictment avers that the defendant was "sworn by the clerk or judge of said court," while the proof shows that she was sworn by one McCoy, a deputy clerk. While it would seem that an indictment need not aver the particular officer before whom the oath was taken, and it would be sufficient to aver in code form that the defendant was "duly sworn," yet when the state undertakes to particularize the offense, the proof must correspond with the allegation.—*Mc-Clerkin v. State,* 105 Ala. 107, 17 South. 123; *Walker v. State,* 96 Ala. 53, 11 South. 401; Clark's Manual, § 1240; 1 Greenleaf on Evidence, 63-65. It is not sufficient that the deputy clerk had the authority to administer the oath, as the question is one of voriance; and, as the proof did not support the allegata, the trial court erred in not giving the general charge requested by the defendant.

The proof does not show that the oath was administered in the presence of the clerk and under his direction, so as to render it his act, under the rule declared in the case of *Walker v. State,* 107 Ala. 7, 18 South. 393.

The judgment of the criminal court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, SIMPSON, DENSON, and McCLELLAN, JJ., concur.