# Maddox v. The State.

## Perjury.

(Decided Nov. 30, 1911.   57 South. 95.)

*Perjury; Indictment; Sufficiency.*—Construing sections 7131, 7161, Form 82, and 7542, Code 1907, together, it is held that an indictment for perjury in a civil case which charges that J. M. in a cause pending in the chancery court of Chilton County, Alabama, in which the said J. M. was plaintiff or complainant, and T. M., was respondent or defendant, being duly sworn by Hugh M. Simpson, register in chancery of said court, acting as commissioner in said cause, who had authority to administer such oaths, falsely swore, etc., sufficiently stated the substance of the proceeding in the mode provided by the Code, and is sufficient.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

James Maddox was convicted of perjury and he appeals.   Affirmed.

THOMAS A. CURRY, for appellant.   The indictment was insufficient in that it failed to state the substance of the proceeding as required by section 7542, Code 1907.—*Jacobs v. The State,* 61 Ala. 448; *McClerkinn v. The State,* 105 Ala. 107; *Smith v. The State,* 103 Ala. 57; *Hicks v. The State,* 86 Ala. 30; *Davis v. The State,* 79 Ala. 20.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The indictment in this case contained the necessary ingredients to render it sufficient as an indictment charging perjury in a civil case.—*Williams v. The State,* 64 Ala. 551; *Peterson v. The State,* 74 Ala. 34; *Davis v. The State,* 79 Ala. 20; *Hix v. The State,* 86 Ala. 30; *Bonnet v. The State,* 89 Ala. 165; *Smith v. The State,* 103 Ala. 57.

WALKER, P. .J.—The demurrer to the indictment in this case raised the question of the sufficiency of its description of the proceedings in which the false swearing charged against the defendant was alleged to have occurred. The requirement of section 7542 of the Code of 1907 that an indictment for perjury, or subordination of perjury, shall "state the substance of the proceedings" with which the alleged false oath was connected, so far as that requirement concerns a charge of perjury in a civil case, is to be read in the light of the construction placed upon it by the Legislature itself in prescribing a form of indictment for perjury in civil cases or in other proceedings not criminal in their nature.—Code, § 7161, form 82. The only description given in that form of the proceeding in which the perjury is charged to have been committed is embodied in the following words, constituting its first clause: "A. B., on an application for a continuance in a civil action in the —— court of —— county, in which one C. D. was plaintiff and the said A. B. defendant," etc. The indictment in this case charges "that before the finding of this indictment James M. Maddox, in a cause pending in the chancery court of Chilton county, Alabama, in which the said James M. Maddox was plaintiff, or complainant, and Tabitha M. Maddox was respondent, the said James M. Maddox, being duly sworn by Hugh M. Simpson, register in chancery of said court, acting as commissioner in said cause, who had authority to administer such oath, falsely swore," etc.; the indictment proceeding to set out the matter charged to have been falsely sworn to, that it was material, and that the oath of the defendant in relation to such matter was willfully and corruptly false.

The similarity between this indictment and the Code form in the feature of the description of the proceed-

ings in which perjury is charged to have been committed is such that this indictment could not well be declared insufficient in that respect without ignoring the statutory authority for the use of forms of indictment analogous to those prescribed in the Code or as near similar as the nature of the case will permit, where there is no special statutory rule governing the mode of averring the matter that is brought into question.— Code, §§ 7132, 7161. Indeed, this indictment may be said to "state the substance of the proceedings" in which perjury is charged to have been committed substantially in the mode adopted in the Code form of indictment for perjury in a civil case.—*Barnett v. State,* 89 Ala. 165, 7 South. 414; *McClerkin v. State,* 105 Ala. 107, 17 South. 123; *Smith v. State,* 103 Ala. 57, 15 South. 866. The ruling in the case of *Jacobs v. State,* 61 Ala. 448, does not stand in the way of the conclusion that this indictment is not insufficient in the respect in which it is brought into question by the demurrer to it. The indictment under consideration in that case was held to be insufficient because of its failure to show that the affidavit there charged to have been falsely made constituted a part of any legal proceeding in which there was authority of law for taking the affiant's oath to it. Certainly that objection is not tenable as to the indictment here assailed by demurrer.

Affirmed.