# Barr *v.* The State.

## *Perjury.*

(Decided January 16, 1913. 61 South. 39.)

*Perjury; Issues; Variance.*—Where the indictment charged that the defendant swore falsely on a trial under an indictment for embezzling $1,000.00, and the proof showed that he had been charged by separate indictment for distinct offenses of embezzlement, one in the sum of $1,000.00, and the other in the sum of $850.00, and that he had been convicted under the indictment charging the embezzlement of $850.00, but had not been tried under the other indictment, the variance is fatal when raised by objections to the introduction of evidence showing a conviction on a different indictment from that described, and by several other rulings of the court.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Otto T. Barr was convicted of perjury and he appeals. Reversed and remanded.

TILLEY & ELMORE, for appellant. The variance was fatal and was properly raised.—*Jacobs v. The State,* 61 Ala. 448; *Walker v. The State,* 96 Ala. 53; *Monkers v. The State,* 87 Ala. 94; *Merlett v. The State,* 100 Ala. 42. The court erred in its oral charge.—*Peterson v. The State,* 74 Ala. 34.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and RUSHTON, WILLIAMS & CRENSHAW, for the State. Under section 1542, Code 1907, it is sufficient to state the substance of the proceedings, and hence, there is no material variance as to the description of the proceedings in which the defendant was alleged to have committed the perjury.—*Maddox v. The State,* 2 Ala. App. 214. Defendant could have been convicted under the indictment charging embezzlement of $1,000.00 by proof of embezzlement of $850.00.—*Murphy v. The State,* 6 Ala. 851; *Bates v. The State,* 152 Ala. 77. An acquittal or conviction could have been pleaded to a subsequent indictment charging perjury.—*Foster v. The State,* 39 Ala. 229; *State v. Johnson,* 12 Ala. 840; *Jordan v. McDonald,* 151 Ala. 279; *Butler v. The State,* 22 Ala. 43.

PELHAM, J.—The defendant was tried and convicted on an indictment charging him with perjury. The false swearing, constituting the offense for which the defendant was on trial in this case, is alleged in the indictment to have taken place in the trial of a case in which the same defendant was charged with the embezzlement of money to about the amount of $1,000. On the trial of the case, it was shown by the evidence, without dispute, that the defendant had been indicted, at a time previous to the finding of the indictment in the case on trial for perjury, by the same grand jury for

two separate and distinct offenses of embezzlement. In one of these indictments, the defendant was charged with embezzling money to about the amount of $1,000; and in the other indictment he was charged with embezzling money to about the amount of $850. The evidence was also without conflict that the defendant had never been tried on the indictment charging him with the embezzlement of money in about the amount of $1,000, but had been tried and convicted on the indictment charging him with the embezzlement of money to about the amount of $850. The indictment for perjury, upon which the defendant was on trial in this case, alleged that he had sworn falsely in a case against him that had been previously tried, in which he was charged with the embezzlement of money to about the sum of $1,000; and the evidence was without conflict that the defendant was under indictment for such an offense charging embezzlement in that sum, but that the case had not been tried. The defendant made timely and appropriate objection to the introduction of evidence showing that he had been tried and convicted on an entirely different indictment than that described in the indictment, charging a different and distinct offense in alleging an embezzlement of other money to about the amount of $850. This question of a variance is also otherwise raised on several of the rulings of the trial court going to this proposition.

The judicial proceeding in which the defendant was charged with having committed perjury, as described and alleged in the indictment against him for perjury, and upon which he was being tried, clearly described and had reference to a proceeding under the indictment alleging an embezzlement of $1,000, upon which he had not been tried. The defendant could not, then, have

been properly convicted of perjury in a judicial proceeding that had never been had.

The evidence introduced on the trial, to sustain the offense charged, did not correspond with the material allegations of the indictment as to the description of the judicial proceedings, in which it is alleged the defendant had sworn falsely; and, as the defendant raised this question by timely and appropriate objections, the case must be reversed for the proceeding alleged in the indictment as being the case in which the defendant had sworn falsely, and the one proven, are not only not the same, but are shown to be distinct and different.— *Walker v. State,* 96 Ala. 53, 11 South. 401; *McClerkin v. State,* 105 Ala. 107, 17 South. 123; *Jackson v. State,* 156 Ala. 161, 47 South. 77.

It is evident that, had the defendant been tried and convicted or acquitted on the first of the indictments charging embezzlement, he could not have pleaded former jeopardy, because of such former conviction or acquittal, upon being put upon trial on the second. They were entirely separate indictments, charging distinct and different offenses in contemplation of law.—*Gordon v. State,* 71 Ala. 313. The disposition we have made of the case renders discussion of other matters presented by the record unnecessary.

Reversed and remanded.