# Cowan v. The State.

### Perjury.

(Decided August 1, 1916.   72 South. 578.)

1. **Perjury; Indictment; Description of Proceeding.**—Under Form 82, § 7161, Code 1907, and under § 7542, Code 1907, an indictment for perjury in a judicial proceeding, must state the parties to such action, and the substance of the proceedings, which embraces the style of the cause, and the court where pending.

2. **Same; Oath; Probate Proceedings.**—Falsely swearing to a petition for letters of administration before the probate court constitutes perjury.

3. **Charge of Court; Invading Province of Jury.**—A charge asserting that if there is one single fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, etc., not only invades the province of the jury, but is misleading as well.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

John Cowan was convicted of perjury, and appeals. Reversed and remanded.

The indictment is as follows (omitting formal charging part) :

John Cowan, on an application for letters of an administration on the estate of Charles Williams, deceased, being duly sworn, by Charles M. Sartain, judge of probate, who had authority to administer such oath, falsely swore that to the best of his knowledge, information, and belief the said Charles Williams died without leaving a last will and testament; the matter so sworn to being material, and the oath of the said John Cowan in relation to such matters being willful and corruptly false.

In its oral charge the court stated to the jury that the matter of granting letters of administration or the application therefor was a matter in the making of an affidavit in which, if it was willfully and falsely corrupt in any material matter, was a proceeding covered by the perjury statute.

Charge 3 is as follows:

If there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

[Cowan v. The State.]

LEITH & GUNN, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) The indictment in this case is defective in failing to state the names of the parties to the proceeding in which the alleged false testimony was given, or the court in which such proceeding was instituted or was pending, and was subject to the demurrer interposed to it.  While it is not necessary in an indictment for perjury to set forth the pleadings, record, or proceedings with which the false oath is connected or the commission or authority of the court or person before whom the perjury was committed, the statute and the forms prescribed for indictments require that the substance of the proceeding be stated, and, if the false oath is taken in a judicial proceeding, "the substance of the proceeding" embraces the style of the cause and the court where the proceeding is pending.—Code 1907, § 7161, form 82, and section 7542; *Maddox v. State*, 2 Ala. App. 244, 57 South. 95; *Walker v. State*, 96 Ala. 53, 11 South. 401; *McClerkin v. State*, 105 Ala. 107, 17 South. 123; *Jacobs v. State*, 61 Ala. 448.  In *Jenkins v. State*, 97 Ala. 68, 12 South. 111, the Supreme Court said:  "We do not feel at liberty to relax the strictness required in criminal pleading further than that fixed by our statute, and the forms given."

The indictment in this case does not follow the form or comply with the statute and the demurrer should have been sustained.

(2) The contention of the appellant that a false oath given in swearing to a petition for letters of administration before the probate court is not within the statute and does not constitute perjury is not sound.—*Jacobs v. State, supra.*

(3, 4) We find no error in the oral charge of the court.— *Walker v. State*, 107 Ala. 7, 18 South. 393; *Jackson v. State*, 156 Ala. 161, 47 South. 77.

Charge 3 was properly refused.—*Davis, Ex parte*, 184 Ala. 26, 63 South. 1010.

For the error pointed out, let the judgment be reversed.

Reversed and remanded.