# Dennison *v.* The State.

### Perjury.

(Decided August 1, 1916.   72 South. 589.)

1. **Perjury; Indictment.**—An indictment for perjury which described the action in which the alleged false testimony was given by naming the parties and the court where it was tried, and setting out such testimony, sufficiently gives the substances of such proceedings.

2. **Same; Variance.**—Where the indictment alleged the giving of false testimony in an action between a certain party plaintiff and defendant, and proof corresponding thereto, but the proof showed that there was an additional party defendant to that alleged, the variance was fatal.

3. **Appeal and Error; Review; Taking Evidence to Jury Room.**—Where it appeared from the record that the testimony of defendant given on the former trial was submitted to the jury, bound together with that of certain other witnesses, reversible error does not appear, since it is not affirmatively shown that the other testimony was taken to the jury.

4. **Perjury; Indictment; Variance.**—The variance between an indictment and proof cannot be cured by showing that there was no such case as that named in the indictment.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

W. L. Dennison was convicted of perjury, and appeals. Reversed and remanded.

Omitting the formal charging part, the indictment is as follows:

William L. Dennison, alias Babe Dennison, upon the trial of a cause pending in the chancery court of Elmore county, Ala., wherein J. M. Holley was complainant and N. B. Sewell was defendant, the said William L. Dennison, alias Babe Dennison, being duly sworn by Dawson Askew, the register in chancery of said chancery court, who had authority to administer such oath, falsely swore as follows, to-wit: "I went with Jack Fuqua and H. M. Fuqua, a justice of the peace, to the home of Zan. Kelley (meaning Alexander Kelley) on January 2, 1911, where said H. M. Fuqua took the acknowledgment of said Alexander Kelley to a deed executed by said Kelley and his wife to N. B. Sewell, conveying certain lands.  While I was present at said time and place, I heard Zan. Kelley say that he (Zan. Kelley)

[Dennison v. The State.]

had sold his right of redemption in said lands to N. B. Sewell for the sum of $3,000, and what he (the said Zan. Kelley) owed the said N. B. Sewell"—the matters so sworn to being material, and the oath of said Dennison in relation to such matters being willfully and corruptly false.

The following charges were refused to defendant:

(1) Affirmative charge.

(2) If you believe from the evidence in this case that the testimony alleged to have been false was in a case in the chancery court against N. B. Sewell and Alex. Kelley, then there is a fatal variance in this case, and you cannot convict him.

(3) If the evidence in this case shows that the cause pending in the chancery court of Elmore county was agianst N. B. Sewell, et al., then defendant cannot be found guilty under this indict-ment.

THOMAS & WILEY, J. A. HOLMES, and W. H. MORROW, for appellant.    W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1, 2) Under the ruling of this court in *Maddox v. State*, 2 Ala. App. 244, 57 South. 95, the indictment sufficiently stated the substance of the proceeding in which the alleged false testimony was given, and was not subject to the objection made by the demurrer.—*Johnson v. State*, 3 Ala. App. 101, 57 South. 389; *Hicks v. State*, 86 Ala. 30, 5 South. 425; *Jackson v. State*, 156 Ala. 162, 47 South. 77; *Bradford v. State*, 134 Ala. 141, 32 South. 742.    The proceeding in which the alleged false testimony was given is described in the indictment as:  "A cause pending in the chancery court of Elmore county, Ala., wherein J. M. Holley, attorney, was complainant and N. B. Sewell was defendant."

On the trial the state, over timely and appropriate objections, was allowed to introduce a copy of the defendant's testimony, the loss of the original being shown, in a case, entitled, "J. M. Holley, Attorney, v. N. B. Sewell, et al.," in the chancery court of Elmore county.    This identical point was presented in *Walker v. State*, 96 Ala. 53, 11 South. 401, where the court held that there was a fatal variance between the allegation and proof. The description of the proceedings in which the alleged false testimony was given was a matter of substance and descriptive

of the offense charged in the indictment (*McClerkin v. State,* 105 Ala. 107, 17 South. 123; *Jackson v. State, supra; Jacobs v. State,* 61 Ala. 448), and the prosecution must prove the cause laid in the indictment.

(3) In *Harwell v. State,* 12 Ala. App. 265, 68 South. 500, where the testimony of a witness on a former trial was offered, it was held to be reversible error for the court to permit the jury to take with them in their deliberations a complete report of the testimony embracing the testimony of witnesses not offered, and the correct practice in such cases was there indicated. The record here shows that: "The copy of the testimony of W. L. Dennison, in the case of J. M. Holley, Attorney, v. N. B. Newell, et al., Respondent, in the chancery court of Elmore county, was then introduced in evidence, and was submitted to the jury, bound together with the testimony of a number of other witnesses in the same case and the testimony of said W. L. Dennison in said case read as follows."

This does not affirmatively show that the jury was allowed to take all this other testimony with them into the jury room, and therefore reversible error is not shown in this respect.

(4) The court erred in allowing the prosecutor to show what other causes were pending in the chancery court at the time this testimony was given. This was not material, and the proof that no such cause as described in the indictment was pending at the time could not cure the variance between the averments and proof disclosed by the proof already offered.

The defendant was entitled to the affirmative charge on account of the variance between the allegations and proof. The point was made by objection to the evidence, as required by rule 35, circuit court practice, and was renewed by the request of this charge.

The other two charges refused to defendant should have been given.

Reversed and remanded.