## GILBERT v. STATE. (6 Div. 178.)

(Court of Appeals of Alabama. May 8, 1923.)

1. Arson ⬌22—Indictment for arson held to sufficiently allege ownership of property under statute.

An indictment for arson, alleging ownership of the property in "the deacons of Providence Church," and again in "the deacons and members of Providence Baptist Church," held sufficient, under Code 1907, § 7147, providing that, where the property is quasi public property, or belongs to an association, such as a church, it shall not be necessary for the indictment to allege ownership, but it shall be sufficient to describe such property by the name by which it is commonly known.

2. Arson ⬌25—Proof of ownership of property held fatal variance with indictment.

Under an indictment for arson, which alleged ownership of the property destroyed in "the deacons and members of the Providence Baptist Church," where the proof showed without controversy that the property belonged to "the deacons and members of the New Providence Baptist Church," held, that there was a fatal variance between the indictment and the proof.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Lon Gilbert was convicted of arson in the second degree, and he appeals. Reversed and remanded.

Mathews & Mathews and Benton & Bentley, all of Bessemer, for appellant.

The indictment was subject to demurrer. Stewart v. White, 128 Ala. 202, 30 South. 526, 55 L. R. A. 211; Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 South. 947, 139 Am.

St. Rep. 41. The proof did not correspond with the allegations of the indictment, and defendant was due the affirmative charge. Barr v. State, 7 Ala. App. 92, 61 South. 39; Walker v. State, 96 Ala. 53, 11 South. 401; Brown v. State, 47 Ala. 47; McMurry v. State, 6 Ala. 324.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment was sufficient. Lockett v. State, 63 Ala. 5.

BRICKEN, P. J. The statute (Code 1907, § 7147) provides that:

"When any property, upon or in relation to which the offense was committed, * * * is *quasi public property, or belongs to an association, society, or collection of individuals, such as churches, meeting houses, schoolhouses, lodges, etc., it shall not be necessary for the indictment to allege ownership, but it shall be sufficient to describe such property by the name by which it is commonly known, or in any other manner may sufficiently identify the property,* upon or in relation to which the offense charged was committed."

The provisions of this statute which we have italicized are new to the Code of 1907; hence the case cited by the Attorney General, Lockett v. State, 63 Ala. 5, and also the case of Sands v. State, 80 Ala. 201, are not rested upon this statute, but upon the fact that the indictment sufficiently laid the ownership of the property in the county, a municipal corporation. In Sands' Case the court said:

"The description of the property burned, as 'the jail of Wilcox county,' was a sufficient averment of ownership, without more. We judicially know that the county jails in this state are the property of the several counties in which they are severally located, and that each county in the state is a body corporate. Code 1876, §§ 820, 815. Matters of which judicial notice is taken need not be stated in indictments, any more than in ordinary pleadings in civil causes."

[1] The case was submitted to the jury under counts 1 and 3 of the indictment, neither of which follows the prescription of the statute in describing the property "by the name by which it is commonly known"; but in the first count the ownership is laid in "the deacons of Providence Church," and in the third count it is laid in "the deacons and members of Providence Baptist Church." These descriptions, we hold, were authorized by the last clause of the statute, to wit, "or in any other manner may sufficiently identify the property," and that the indictment was not subject to the objections stated in the demurrers. Peters v. State, 12 Ala. App. 133, 67 South. 723.

[2] The evidence is without dispute that the property burned was the property of "the deacons and members of the New Providence Baptist Church." This was shown by the

deed conveying the property to "the deacons and members of the New Providence Baptist Church," and by the testimony of Pastor Burton, who had served the church for many years. This constituted a fatal variance between the averments and proof, and the record shows that appellant asked in writing the affirmative charge on this theory, and so stated to the court at the time. This charge should have been given. The law is that averments descriptive of the offense must be proven as laid in the indictment. Johnson v. State, 111 Ala. 66, 20 South. 590; Gilmore v. State, 99 Ala. 154, 13 South. 536; Walker v. State, 96 Ala. 53, 11 South. 401; Dennison v. State, 15 Ala. App. 84, 72 South. 589; Garner v. State, 3 Ala. App. 161, 57 South. 502.

The other questions presented on the record may not arise on another trial.

For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.