# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At June Term, 1856.

## WILLIAMS vs. THE STATE.

[PROCEEDINGS UNDER BASTARDY ACT—AMENDMENT OF JUDGMENT.]

<div style="float:right">29  9<br>99 202</div>

1. *Amendment nunc pro tunc allowed.*—A judgment against the defendant, in a proceeding under the bastardy act, may be amended at a subsequent term, *nunc pro tunc*, so as to require the annual payments to be made on the "first *Monday* of January," as the statute directs, instead of on the "first *day* in January."

2. *Jurisdiction of justice.*—A justice of the peace has no jurisdiction of a complaint under the bastardy act, unless the mother of the child is a single woman, and is pregnant (or has been delivered) in the county in which the justice acts; but, if the complaint does not state these facts, the justice may determine their existence from other evidence, and should then state them in his warrant, so that his jurisdiction may appear on the face of his proceedings.

3. *Judicial ascertainment of jurisdictional fact.*—The recitals in a justice's warrant of the preliminary facts on which his jurisdiction depends, and which it is his duty to determine, are evidence that he did determine their existence; and his determination of their existence, in the absence of evidence showing it to be erroneous, is conclusive between the parties.

4. *Record returned to circuit court.*—Although the statute (Code, § 3801) only requires the justice to return to the circuit court, by the first day of the term to which the defendant is bound to appear, the bond and complaint; yet the warrant also may be returned, when it recites the existence of the facts on which the jurisdiction of the justice depends, and is expressly referred to in the bond; and if it is returned, its recitals are then sufficient to sustain the jurisdiction of the court.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. THOMAS A. WALKER.

2

THE proceedings in this case were instituted before a justice of the peace, on the complaint of Susannah Winsted, that the defendant was the father of a bastard child of which she had been delivered. The affidavit, on which the justice's warrant was issued, did not state that the said Susannah Winsted was a single woman, nor that the child was begotten or born in the county of Fayette; but the warrant itself recited these facts. The defendant was bound over to the then next term of the circuit court, to which the justice returned all the papers in the cause. In the circuit court a motion was made to quash the complaint, but was overruled; and at the spring term, 1854, a trial was had on issue joined. The verdict of the jury was, "that the defendant is the father of said bastard child"; and the court thereupon rendered judgment "that the said defendant enter into bond, in the sum of $1,000, payable to the State of Alabama, for said county, conditioned that he pay to the judge of probate of said county, on the first *day* of January in each year, for the term of ten years, the sum of fifty dollars for the maintenance of said bastard child"; and also rendered judgment for costs against the defendant, in the name of the State, for the use of said Susannah Winsted.

At the spring term, 1855, a motion was made to amend this judgment, *nunc pro tunc*, so as to require the annual payments to be made on "the first *Monday* in January," as the statute (Code, § 3808) requires, instead of "the first *day* of January." On the trial of this motion, the solicitor, on the part of the State, offered in evidence the verdict of the jury and the judgment thereon rendered by the court. The defendant objected to the sufficiency of this evidence; but the court overruled his objection, and granted the motion; to which the defendant excepted.

E. W. PECK, for the appellant, made these points:

1. The circuit court acquired no jurisdiction in this case. The complaint does not show that the complainant was a single woman, nor that the complaint was made before a justice of the county in which the alleged bastard was born, or in which his mother was pregnant with him. The motion to

quash should, therefore, have been sustained. Code, § 3799; Wilson v. Judge of County Court of Pike, 18 Ala. 759.

2. This error is not cured by any legitimate part .of the record. The recitals in the warrant state that the complainant was a single woman, and that the alleged bastard was born in the county of Fayette; but the warrant is not properly a part of the record. The only papers which the magistrate is required (Code, § 3801) to return, are the complaint and bond, neither of which contains enough to give the court jurisdiction. Besides, said recitals are wholly unauthorized by anything contained in the record.

3. The motion to amend the judgment entry should have been refused. The mistake sought to be corrected, was not a mere clerical misprision, but an error of the court,—an error which could only be corrected on appeal at the instance of the State. The bill of exceptions shows that the bond required by the judgment of the court, and not the bond required by section 3803 of the Code, was in fact given by the defendant. The approval of the bond, in such cases, is the act of the court, and not of the clerk.

4. The judgment for costs, rendered for the use of the complainant, is erroneous. Proceedings in bastardy are conducted in the name of the State as plaintiff, and the judgment must be for, or against the parties on the record.

M. A. BALDWIN, Attorney-General for the State, *contra.*— 1. The affidavit sufficiently shows that the complainant was a single woman, since a bastard is one born out of lawful wedlock.—1 Bla. Com. 454.

2. The statute does not require the complainant to make oath that she is a single woman; neither is it necessary that the complaint should appear, on its face, to have been made before a justice of the peace in the county in which the bastard was born. Any evidence which satisfies the justice of these facts, is sufficient; and the warrant is the proper place to state them. The fact that only the bond and complaint are required to be sent up to the circuit court, makes no difference.—Code, § 3801; Clay's Digest, 133.

3. The warrant is a part of the proceedings, and sets forth the facts necessary to give the court jurisdiction.—18 Ala. 757.

4. The appellant cannot, on this record, assign errors in the original judgment, from which an appeal is barred.—Code, § 3821.

5. The amendment was properly allowed. The verdict of the jury was, that the defendant was the father of the child; and on this verdict the law fixed the judgment of the court. The naming of a wrong day for the annual payments, was a clerical misprision.—18 Ala. 757.

6. The costs were properly taxed against the defendant, whether this be a civil or criminal case.—Code, §§ 2375, 3986, 3991.

RICE, C. J.—If the circuit court of Fayette had jurisdiction of the proceeding in bastardy, in which it rendered the judgment at its fall term, 1854, there was no error in allowing that judgment to be amended, in the particular in which it was amended at the fall term, 1855, of that court. The State v. Craig, 12 Ala. R. 363; Campbell v. The State, 16 *ib*. 144; Hood v. Br. Bk. at Mobile, 9 *ib*. 335; Boyd v. Gilchrist, 15 *ib*. 840; Reavis's Digest, pages 57 to 62.

Upon the authority of Wilson v. The County Judge of Pike, 18 Ala. R. 757, it is clear that the said circuit court did have jurisdiction of the said proceeding, if *the warrant* of the justice, which was certified and returned by him to that court, with the complaint and bond, and which is referred to in that bond, can properly be regarded as part of the record of that court in that proceeding.

A proceeding in bastardy can be commenced only before a justice. His jurisdiction to proceed in the summary mode provided by the Code, depends upon the existence of the following preliminary facts: 1st, that a woman should make a complaint on oath to him, accusing a particular person of being the father of a bastard child, with which she is pregnant, or of which she has been delivered; 2d, that the woman making the complaint is a "*single woman*"; 3d, that she is so pregnant, or has been so delivered, in the county in which the justice acts as justice.—Code, § 3799. Where such complaint is made, it is the duty of the justice to determine whether the second and third of these preliminary facts exist. In determining as to their existence, he is not confined

to the statements contained in the complaint, but may hear
or receive other evidence. If the complaint does not assert
their existence, and he is satisfied of their existence by other
evidence, it is proper that he should recite their existence in
his warrant, in order that his jurisdiction may appear upon
the face of his proceedings. As he has no authority to issue
the warrant, where the complaint does not show the existence
of these facts, until he determines that they do exist, and as
he has authority to determine their existence from evidence
other than the complaint, the recitals of their existence in his
warrant must be taken as evidence that he did determine
their existence; and his determination of their existence is,
in the absence of any evidence showing it to be erroneous,
certainly conclusive between the parties.—Brittain v. Kin-
nard, 1 Brod. & Bing. 432 ; Gunn v. Howell, 27 Ala. R. 663;
Williams v. Rambo, at this term.

When the warrant is issued, and the person charged with
being the father of the child is brought before the justice, an
examination of the charge must be had ; and, if sufficient ev-
idence appears, the justice must require the accused to enter
into bond, with sufficient security, in the sum of one thousand
dollars, to be approved by such justice, payable to the State,
and conditioned that the accused will appear at the next term
of the circuit court of such county.—Code, § 3800. On the
failure to give the bond, the justice must commit the accused
to jail until he give the same, or is otherwise discharged by
law.—Code, § 3802. Section 3801 expressly requires the
justice to return *the bond and complaint* to the clerk of the
circuit court, by the first day of the term at which the ac-
cused is bound to appear ; but there is no such express requi-
sition as to the warrant. And because there is no such ex-
press requisition as to the warrant, the appellant argues, that
it ought not to be regarded as part of the record of the cir-
cuit court, although it was certified and returned by the jus-
tice to that court, with the complaint and bond, and although
it is expressly referred to in that bond, and although it has
been treated in that court as part of the record, and is certi-
fied to this court as such. We cannot yield to such an argu-
ment. To do so, would be to deny to the circuit court the
power to treat the warrant as part of its record, when it is

properly in that court, and is necessary to a full understanding of the bond, which refers to it, and which unquestionably is part of the record. We have no idea that the legislature intended to prohibit the justice from certifying and returning the warrant, with the bond and complaint. The plain meaning of the provisions of the Code, as to proceedings in bastardy, is, that whenever the proceedings before the justice upon their face show jurisdiction, and a bond is taken by him, which refers to the warrant he has issued, if such warrant is certified and returned by him to the circuit court with the bond and complaint, it may be treated as part of the record of that court, and its recitals of the existence of those jurisdictional facts which are by law referred to the determination of the justice, ·may be regarded as at least *prima facie* evidence of their existence. The return of the justice is, in this respect, valid as to the parties.—3 Phil. Ev. C. & H.'s Notes, 1087, *et seq.*

Treating the warrant as part of the record in the present case, the jurisdiction of the justice, and of the circuit court, appears upon the face of the proceedings. If errors occurred in the proceedings in that court, prior to the rendition of its judgment at the fall term, 1854, the right of the appellant to revise them has been barred by lapse of time before the present appeal was taken.—Code, § 3821: Williams v. The State, 26 Ala. R. 85. The present appeal is from the judgment rendered at the fall term, 1855. That judgment is not erroneous, and must be affirmed.