# Collins *v.* The State.

*Indictment for Perjury.*

1. *Bastardy; sufficiency of complaint and warrant.*—A warrant of arrest issued by a justice of the peace, which, following the affidavit or complaint on which it was founded, states "that the offense of bastardy

[Collins v. The State.]

has been committed, and that A. B. is guilty thereof," is void on its face, and will not support proceedings under the bastardy statute.

2. *Perjury ; false oath in void judicial proceeding.*—An indictment for perjury will not lie against a witness who swore falsely on the trial of a void judicial proceeding.

FROM the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted for perjury, alleged to have been committed during his examination as a witness on the trial of one Albert Bell, before a justice of the peace, under a charge of bastardy preferred against him on the complaint of Mattie Bean; "the matter so sworn to being material, and the testimony of said Wiley Collins being willfully and corruptly false." On the trial, when the affidavit (or complaint) and the warrant of arrest, in the bastardy proceeding, were offered in evidence on the part of the State, the defendant objected to their admission, and duly excepted to the overruling of his objection; and this ruling is here assigned as error.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—On complaint being made by affidavit of Mattie Bean, that the *offense of bastardy* was committed, and that Albert Bell was guilty thereof, a warrant, following the complaint in the description of the offense, was issued, under which he was arrested. On the investigation before the justice of the peace, the defendant was sworn and testified as a witness. The indictment charges him with committing perjury, while so testifying. While a proceeding in a case of bastardy partakes of the nature of both a criminal prosecution and a civil suit, and is regarded as *quasi*-criminal, bastardy is not a public offense, as public offenses are defined and classified by the statutes.—*State v. Hunter,* 67 Ala. 81; *Smith v. State,* 73 Ala. 11; *Satterwhite v. State,* 28 Ala. 65. A proceeding in bastardy can only be commenced before a justice of the peace. His jurisdiction is statutory, and depends on the existence of the preliminary facts—that a woman, who is unmarried, and who is pregnant with, or has been delivered of a bastard child, in the county in which the justice acts, complains on oath, accusing a particular person of being the father of such child. Though the complaint need not set forth the jurisdictional facts, and their existence may be determined by other evidence, it is requisite to the jurisdiction of the justice to issue the warrant, that their existence be ascertained, and be shown on the face of the proceedings, either in the complaint, the warrant, or elsewhere.— *Williams v. State,* 29 Ala. 9 ;

[Birge v. The State.]

Code, § 4071. The warrant is void on its face. It does not state an offense by name, or so that it can be clearly inferred; and neither of the jurisdictional facts, essential ·to support a proceeding in bastardy, nor their determination by the justice, appears on the face of the proceedings.—*Noles v. State*, 24 Ala. 672; *Counts v. Harlan*, at present term; *Thrash v. Bennett*, 57 Ala. 156.

The oath administered to the defendant on the investigation before the justice of the peace, was not an oath authorized by law. No oath taken before an officer administering justice under color of authority, which is·in fact unwarranted and void, can, though false, amount to perjury. "A suit which is actually void and null, from want of jurisdiction, or other incurable defect, is not one in which perjury can be committed." 2 Whar. Crim. Law, § 1272; 2 Bish. Cr. Law, § 1028; Code, § 4113; *Banks v. State*, 28 Ala. 14.

The judgment must be reversed; and as it is evident the defendant can never be convicted, an order will be made quashing the indictment, and discharging the defendant.