# Jones *v*. The State.

*Indictment for Perjury.*

1. *Indictment for perjury; demurrer.*—Where an indictment for perjury alleges in one count that, when one W. was on trial for selling or giving spirituous liquors to defendant, defendant falsely swore that W. did not sell or give him any whiskey, and that he had no understanding with W. where whiskey could be found, and in another count that he falsely swore that he did not give W. any money for whiskey, demurrers to the counts, on the ground that the matters alleged to have been sworn to are immaterial, are properly overruled.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. N. D. DENSON.

The defendant was indicted for perjury and demurred to the indictment. The indictment and demurrer, thereto, are sufficiently set forth in the opinion of the court, and the overruling of the demurrer is the only question reserved for review.

FFLIX L. SMITH, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The appellant was indicted, tried, and convicted for perjury. Demurrers were filed to the first and second counts of the indictment, which were overruled, and

[Funderberg v. The State.]

the judgment of the court, overruling the demurrers, raises the only question for consideration. The grounds of demurrer are that the matters alleged to have been falsely sworn to were immaterial. The indictment shows that one Joe Waits was on trial for the offense of selling or giving spirituous, vinous, or malt liquors to the present defendant, a minor, and the first count charges that on said trial the defendant falsely swore "that said Joe Waits did not sell or give him any whiskey, and that he had no understanding whatever with said Joe Waits where whiskey could be found by him," and the second count charges that he falsely swore "that he did not give Joe Waits any money for whiskey." The demurrers were properly overruled. The indictment conforms to the form given in the Criminal Code for an indictment for perjury, and accords with the rule declared in section 3908, Crim. Code. The matter falsely sworn to is distinctly stated, its materiality averred, and considered in connection with the character of the offense for which Joe Waits is on trial, the materiality of the matter is apparent.

Affirmed.