|143|65|
|o144|88|

# Witherspoon *v.* State.

*Prosecution for Trespass after Warning.*

1. *Prosecution commenced before justice of the peace; when amendment can be made.*—Where a prosecution is commenced before a justice of the peace, and the warrant is made returnable to a City Court which had jurisdiction to issue the warrant originally, it is not error for the said City Court, before entering upon the trial of the case, to allow the original affidavit to be amended.

2. *Trial and its incidents; when finding upon facts will not be reviewed on appeal.*—Where a criminal case is tried by a court without a jury, and, there is no agreed statement of facts or any special finding of the facts by the judge, and no request for such finding, the conclusions of the judge upon the facts stand as a verdict of the jury, and will not be revised on appeal.

APPEAL from the City Court of Bessemer.

Tried before the Hon. WILLIAM JACKSON.

The appellant in this case, William Witherspoon, was prosecuted, tried and convicted for trespass after warning. The prosecution was commenced by one E. A. Penn making an affidavit of complaint before a justice of the peace, in which he stated that he "Has probable cause for believing, and does believe, within six months before the making of this affidavit in said county, that William Witherspoon did trespass on the property of the Tennessee Coal, Iron and Railroad Company, after warning not to do so, at Sumter, Alabama, against the peace and dignity of the State of Alabama." The warrant and affidavit were made returnable to the city court of Bessemer; and in the city court of Bessemer, before the trial was entered upon, the affidavit was amended, and as so amended, the said Penn "Says that William Witherspoon, without legal cause or good excuse, entered upon the premises of the Tennessee, Coal, Iron and Rail-

5s

road Company, a corporation, at or near Sumter, Precinct 3, Jefferson county, Alabama, after having been warned within six months preceding not to do so, against the peace and dignity of the State of Alabama." The defendant objected to the allowance of this amendment, and the court overruled his objection.

The cause was tried by the court without the intervention of a jury; and, upon hearing of all the evidence, the court rendered a judgment of guilty, from which the present appeal is prosecuted.

FRANK S. WHITE & SONS, for appellant.—The court erred in allowing the amendment to the affidavit over the objection of the defendant.—*Butler v. State*, 130 Ala. 127; *McGee v. State*, 115 Ala. 377; *Miles v. State*, 94 Ala. 106; *Musgrove v. State*, 139 Ala. 137; *Anderson v. State*, 130 Ala. 126.

MASSEY WILSON, Attorney-General, for the State. The objections are without merit, and the amended affidavit was properly allowed to be filed.—*Holland v. State*, 139 Ala. 120; *Wright v. State*, 136 Ala. 139; *Simpson v. State*, 111 Ala. 6.

ANDERSON, J.—The affidavit was made before a justice of the peace and the warrant was made returnable to the city court of Bessemer, (Acts, 1901, p. 1854, § 24) ; and, as said court had authority to have issued the warrant originally, it was certainly no error to amend the original affidavit. The cases cited *pro* and *con* relate to amendments after appeal. In the case at bar the amendment was not made after appeal, but before entering upon the trial in the court of original jurisdiction.

This case was tried by the judge without a jury. And this appeal seeks to review his finding and conclusion of the facts, as well as a determination of the question already discussed. The facts were not agreed upon, nor was there any special finding of them nor request for such finding. On this state of the case, the conclusion

[Dunn *alias* Hopkins v. The State.]

of the judge stands as a verdict of a jury and cannot be revised by this court.—*Norville v. State;* 131 Ala. 35, and cases there cited.

The Act of 1901, page 1854, establishing the Bessemer court, giving this Court the right to review the conclusion of the judge of that court upon a finding on the facts, when properly presented by bill of exceptions, applies to civil and not criminal cases.

The judgment of the city court is affirmed.

McCLELLAN, C.J., TYSON and SIMPSON, J.J., concurring.