.[Jones v. The State.]

# Jones v. The State.

### Assault and Battery.

(Decided March 2nd, 1907. 43 So. Rep. 179.)

1. *Trial; Instructions Requested in Bulk; Effect.*—It is not error to refuse instructions requested in bulk where one or more are bad.

2. *Indictment; Motion to Quash.*—The fact that an attorney, not a member of the grand jury nor the regular solicitor, was present and examined witnesses before the grand jury is not good grounds for quashing the indictment, where it appears that he was there at the request of the court and the regular solicitor who was ill, and that he did not counsel the grand jury or express any opinion unfavorable to defendant, though he may have administered the oath to a witness, it appearing that other witnesses were examined.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN. ·

The defendant was indicted, tried, and convicted for an assault and battery on Eva Boyett. The questions raised on appeal are sufficiently stated in the opinion.

W. O. MULKEY, for appellant.—

The indictment should have been quashed.—*Blevins v. The State,* 68 Ala. 92; *Joiner v. The State,* 78 Ala. 448. The court erred in putting defendant on trial without the evidence of his witnesses.—*Childers v. The State,* 86 Ala. 84; *Walker v. The State,* 117 Ala. 88. Counsel discusses other assignments of error but cites no authority.

ALEXANDER M. GARBER, Attorney-General, for State. —No brief came to the Reporter.

HARALSON, J.—After all the evidence was introduced, as the bill of exceptions states, "the defendant requested the court to give the jury the following charges, each being in writing, and the court refused to give each

charge, and the defendant reserved an exception thereto, separately."

The case of *Verberg v. State,* 137 Ala. 74, 34 South. 848, 97 Am. St. Rep. 17, is decisive that these charges cannot be considered. The request was to give all the charges as an entirety, and if any one of them was improper, there was no error in refusing the whole number. To the same effect is *Johnson v. State,* 141 Ala. 37, 37 South. 456; *Yeats v. State,* 142 Ala. 58, 38 South. 760; *Gregory v. State,* 148 Ala. 566, 42 South. 829; *Bell v. State,* 140 Ala. 65, 37 South. 281; *Glover v. State,* (Ala.) 40 South. 354.

To say no more of the other charges requested by defendant than that the general affirmative charge was requested by him, which under the evidence could not have been given, is sufficient to condemn the entire batch.

The defendant moved the court to quash the indictment in the cause, on the following grounds: "The circuit court at the fall term, 1906, Geneva county, appointed E. H. Hill as special solicitor of said court during said term, the regular solicitor being absent (on account of sickness); during the proceedings before the grand jury, Hon. C. D. Carmichael, who was not a member of said grand jury, nor a special solicitor by appointment of said court, was present in said grand jury, examining witnesses in said cause, and otherwise taking part therein," etc.

It appeared, that C. D. Carmichael was present and conducted the examination of some of the witnesses. He testified that he was in the grand jury (room) on Tuesday of the first week of the court, at the request of the solicitor, who was ill, and at the request of the judge, and that, on that day he conducted or helped to conduct the examination of the witnesses, but that he did not remember whether he or the foreman, administered the oath of them; that the grand jury did not act or vote on the case when he was present.

He was an attorney at the bar, and also solicitor for the county court of Geneva county, when the indictment was found, and the case was tried. Boyett testied that he was a witness before the grand jury, and according

to his best knowledge, Mr. Carmichael administered the oath to him. Hughes testified, while Mr. Carmichael was present and examined him, he did not administer the oath to him.

If it were true that Carmichael administered the oath to Boyett, it yet appeared, that there were other witnesses to whom he did not administer the oath, and besides Boyett's testimony, there was other legal evidence before the grand jury. A motion to quash the indictment because found on insufficient evidence cannot, be entertained.—*Agee v. State*, 117 Ala. 169, 23 South. 486. It does not appear that Mr. Carmichael gave the jury any counsel, or expressed to them any opinion unfavorable to the defendant, or did any act affecting their deliberations. The defendant, under such conditions, suffered no injury from Carmichael's presence in the jury room, and was not prejudiced by reason of his presence there. He has no reason to complain of it.—*Blevins v. State*, 68 Ala. 92; *Cross v. State*, 78 Ala. 433.

Other errors insisted on, as shown by the bill of exceptions, are the charges, and they cannot be considered.

Affirmed.

DOWDELL, SIMPSON, and DENSON, JJ., concur.