# Adams *v.* The State.

## *Larceny.*

(Decided Feb. 11, 1909.  48 South. 795.)

1. *Landlord and Tenant; Renting on Shares; Relation.*—Where one furnishes the land, teams, feed for the teams and the farming implements, and another furnishes the labor to make the crop with an agreement to divide, the relation of employer and employe exists between them.

2. *Larceny; Property Subject to Larceny; Crop After Removal From Land.*—If one severs crops from the land, and by a subsequent act takes it or removes it with the intent to steal, such act constitutes larceny, although while attached to the land the crop is not the subject of larceny.

3. *Same; Instructions.*—A charge asserting that before the jury could convict they must be satisfied beyond a reasonable doubt that the corn was severed from the freehold, and if they believe that the defendant severed the corn, and then carried it away, they should acquit, does not hypothesize the fact that larceny could have been committed by a separate act of the accused in taking the corn after he had severed it from the realty, and was properly refused for that reason; especially where the evidence tended to show the severing by one act and the taking by a subsequent act.

APPEAL from Pike Law Court.

Heard before Hon. A. H. OWENS.

Will Adams was convicted of larceny and he appeals. Affirmed.

[Adams v. The State.]

In his oral charge to the jury the court said that if the defendant gathered the corn, or had it gathered, out of the fields of one E. J. Pilley, as testified about, and put it in the Babcock house, where he then lived, and afterwards had it moved to the place where he moved to from there, with the intent to steal it, and that this was in Pike county and within 12 months before the commencement of this prosecution, and they believed all this beyond a reasonable doubt, the defendant would be guilty, and it would be their duty to so find. Charge 4 is as follows: "Before the jury can convict the defendant, they must believe beyond a reasonable doubt that the corn was severed from the freehold, before they can convict the defendant. If the jury believe that the defendant severed the corn, and then carried it off, then the defendant cannot be convicted of larceny."

BOYKIN OWENS, for appellant. The Pike law court is a court of limited jurisdiction, its jurisdiction in criminal matters being limited to misdemeanors only. The evidence showed the commission of a felony, if any offense was committed, and hence the court was without jurisdiction to hear and determine this cause.

ALEXANDER M. GARBER, Attorney General, for the State. Counsel insists that the oral charge of the court was correct and that the court properly refused the defendant's requested charges, and cites in support thereof.—*Turner v. The State,* 97 Ala. 27; *Harrison v. The State,* 24 Ala. 67.

McCLELLAN, J.—The indictment charged petit larceny of seven bushels of corn. The defendant engaged, with one Piley, to make a crop on the latter's land; he to furnish the land, team, feed for the team, and the farming implements, and the defendant to furnish the

[Adams v. The State.]

labor—the crop to be divided. This arrangement created the relation of employer and employe, and not that of tenants in common in the crop cultivated and raised. Code 1907, § 4743.

There was proof tending to show that the defendant gathered the corn, then in growth, and carried it to the Babcock house, to which he had previously removed from the place whereon the crop was growing, and that later, this corn was hauled to another place, to which defendant moved from the Babcock place. Notwithstanding originally the corn was of the realty, and not subject to larceny, as distinguished from the felonious taking of a part of an outstanding crop, it was open to the jury to conclude, from all the evidence, that subsequent to the severance of the corn from the realty, by a separate act, the defendant took it with the intent to steal.—*Johnson v. State,* 100 Ala. 35, 14 South. 98. Accordingly the oral charge of the court was not erroneous.

The defendant requested special charges 1, 2, 3, and 4, which the court refused. The first was general charge, and the second and third predicated an acquittal upon the idea that the defendant and the owner of the land were tenants in common in the crop. As before indicated, this relation did not exist in the premises. The affimative charge, of course, could not be given. The fourth charge was properly refused, because it pretermits, in hypothesis, the fact, suggested by some tendencies of the evidence, that by a separate act, after severance from the realty, larceny may have been committed.

There is no error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.