# Martin *v.* The State.

## *Violating Prohibition Law.*

1. *Affidavit and Warrant; Amendment.*—Where affidavit and warrant was issued by a justice of the peace charging the violation of the prohibition law and made returnable to the circuit court, on trial in the circuit court, it is not error to permit the affidavit to be amended, and to have the amended affidavit signed by one other than the one signing the original affidavit.

[Martin v. The State.]

2. *Appeal and Error; Discretion; Continuance.*—It is within the discretion of the trial court to grant or deny a motion for continuance, and is not revisable on appeal unless abused.

3. *Same; Correction; Punishment.*—Where the defendant is sentenced to hard labor to pay costs at a rate per day not authorized by law, this court on appeal will correct the judgment.

4. *Intoxicating Liquors; Unlawful Sale; Evidence.*—On a prosecution for the violation of the prohibition law, it was not error to permit a witness to testify to finding bottles of whisky in the defendant's valise, although the search made by the parties arresting him, may have been illegal.

5. *Evidence; Confession.*—Where confessions were voluntarily made the fact that they were made while under arrest, and in the presence of the officer, did not render them inadmissible. .

6. *Charge of Court; Numbering; Requests.*—Charges should be requested in writing, numbered, and separately requested.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Albert Martin was convicted of violating the prohibition law, and he appeals. Affirmed.

The original affidavit was sworn to by J. G. Brown and made before A. H. Gentry, a justice of the peace, dated May 9, 1910, and alleged that the crime was committed within 60 days before the making of the affidavit. The amended affidavit was signed by W. T. Davis, made before B. M. Miller, judge of the Fourth judicial circuit, and stated that before making the original affidavit in this case Albert Martin did offer for sale, keep, or have in his possession for sale spirituous, vinous, or malt liquors, contrary to law, and against the peace and dignity, etc. The demurrers were as follows: "(1) That it does not predicate the act of the defendant therein charged as having been done before the prosecution was begun, but charges him with the alleged offense as having been done before this date. (2) Because it does not charge the defendant with keeping or having in his possession the alleged spirituous, vinous or malt liquors in a building not used exclusively for a dwelling. (3) The unconstitutionality of section

[Martin v. The State.]

3 of the Acts of 1909, p. 9." The amended affidavit was filed August 30, 1910. It appears from the evidence that T. T. Kendrick was general manager of the ore mines at Giles, Ala., and had charge of many hands there, and that on May 9th he and W. C. Davis, a deputy sheriff for Bibb county, went to the house of one Charles Walker, which house was rented from the company operating the mines, and found the defendant sitting on the front porch in a chair with a large grip or valise by him. That they came up to the house from the back way, and when they saw defendant sitting on a chair in the front porch, Kendrick drew his pistol and ordered the defendant to throw up his hands, and when his hands went up Kendrick ordered Davis to search his person and valise, and they found 28 half pints of whisky in his grip or suitcase. The defendant interposed objection to the question calling for the finding of the whisky and also to the answer. The witness further testified that no threats were made to the defendant to coerce or compel him to make a confession, and no reward or inducement was offered by any one, and the witness was then allowed to state that the defendant told him that he had the whisky there to trade for a dog. The bill of exceptions shows this in reference to the charges: "The defendant asked the court to give the following charge." The first is the general affirmative charge; and the other was: "I charge you that you cannot consider any evidence as to what the defendant did at Bell Sumter, Ala., except as to the question of contradicting the defendant's evidence."

LOGAN, VAN DE GRAFF & LOGAN, for appellant. No brief came to the Reporter.

RORERT C. BRICKELL, and THOMAS H. SEAY, for the State. There was no error in permitting the affidavit

[Martin v. The State.]

to be amended.—*Miles v. The State,* 94 Ala. 108; *Dillard v. The State,* 152 Ala. 86; *Moore v. The State,* 51 So. 357. The action of the lower court on a motion for continuance is not revisable here.—*DeArman v. The State,* 77 Ala. 10; *Carr v. The State,* 104 Ala. 4. The fact that a search was made did not render the evidence of finding the bottles of whisky in possession of the defendant inadmissible.—*Scott v. The State,* 113 Ala. 64. The confessions were properly made.—*Calloway v. The State,* 103 Ala. 27. The record does not show that the charges requested were requested in writing.—*Fuller v. The State,* 97 Ala. 27.

PELHAM, J.—The defendant was tried for a violation of the prohibition laws on affidavit and warrant originally issued by a justice of the peace returnable to the circuit court. On the trial in the circuit court, the state was allowed to amend the affidavit; the amended affidavits not being signed by the same person who signed the original affidavit. The defendant objected to the state's amending the affidavit, and, upon the objection being overruled by the court, reserved an exception. To the affidavit as last amended the defendant filed demurrers, which were overruled by the court. The amendments to the affidavit were properly allowed, and there was no error in overruling the demurrers.—Acts Sp. Sess. 1909, p. 90, § 29½ et seq.; *Holman v. State,* 144 Ala. 95, 39 South. 646; *Wright v. State,* 136 Ala. 139, 34 South. 233; *Witherspoon v. State,* 143 Ala. 65, 39 South. 356.

The ruling of the lower court refusing the motion for a continuance is not revisable here.—*Carr v. State,* 104 Ala. 150; *De Arman v. State,* 77 Ala. 10.

There was no error in permitting the witnesses Davis and Kendrick to testify to finding the 28 half pint

bottles of whisky in defendant's valise. The evidence was admissible, even though the search made by the parties arresting him may have been illegal.—*Scott v. State,* 113 Ala. 64, 21 South. 425.

The charges requested by defendant and refused are not shown to have been preferred in writing (*Fuller v. State,* 97 Ala. 27, 12 South. 392), nor are they numbered (*Gibson v. State,* 89 Ala. 122, 8 South. 98, 18 Am. St. Rep. 96), or shown to have been separately requested (*Jones v. State,* 150 Ala. 54, 43 South. 179); moreover, the charges are patently bad, and were correctly refused. There was sufficient evidence, if believed by the jury, to find the defendant guilty of the offense charged, and there was no error in refusing the general charge.—*Smith v. State,* 150 Ala. 50.

The defendant having been sentenced by the court to 155 days, hard labor, to pay the costs of the prosecution, at the rate of 40 cents per day, and the statute (Acts 1907, Sp. Sess. p. 179, § 13) placing the rate at 40 cents per day having been declared unconstitutional and void (*Dowling v. City of Troy,* 56 South. 117), the judgment is here corrected, requiring the defendant to serve an additional term in lieu of the payment of costs, calculated at the rate of 75 cents per day (Code 1907, § 7635), being 82 days, in place of 155 days; and, as herein corrected, the judgment of conviction of the court below is affirmed, without costs.

Corrected and affirmed.