# Thomas *v.* The State.

## *Perjury.*

(Decided June 15, 1915. 69 South. 413.)

1. *Perjury; Jurisdiction; Oath; Irregularity.*—Although perjury cannot be charged upon a false oath in a proceedings void for want of jurisdiction, yet mere irregularites or informalities in such proceeding, not sufficient to oust the jurisdiction of the court, or prevent it from attaching in the first instance, constitutes no defense.

2. *Same; Indictment; Sufficiency.*—In a perjury charge an indictment averring that defendant swore falsely in a prosecution for "violating the prohibition law," sufficiently identifies the proceedings within section 7542, Code 1907, and the form prescribed for such indictment; the phrase meaning a violation of the law prohibiting the manufacture and sale of spirituous, vinous or malt liquors.

[Thomas v. The State.]

3. *Same.*—Where the indictment charged that defendant swore falsely in a prosecution against a named person in a trial under a charge of selling spirituous, vinous or malt liquors, it sufficiently describes the proceeding.

4. *Same.*—An indictment charging perjury and describing the court in which the case was tried as the "Recorder's Court of the city of G.," sufficiently describes the court; and the description "Municipal Court of the city of G.," sufficiently describes the "Recorder's Court," since the court takes judicial notice that no other municipal court exists in that city.

5. *Evidence; Judicial Notice; Municipal Courts.*—Where a Recorder's Court is established by statute, the court takes judicial notice that no other municipal court can exist there.

6. *Perjury; Indictment; Material Matter.*—In an indictment for perjury the allegation that the matters falsely sworn to were material, is sufficient without showing such materiality on the face of the indictment.

7. *Same.*—An indictment for perjury because of false swearing before a Recorder need not show that the offense upon which the prosecution therein was based was committed within the police jurisdiction of the city wherein such recorder's court was located, since the form prescribed for indictment for perjury does not make it essential to show that the offense on the trial of which the perjury was committed occurred within the territorial jurisdiction of the court trying the case.

8. *Indictment and Information; Demurrer; Grounds.*—A demurrer to the indictment for perjury was not the proper way to raise the question that the offense on the trial of which the perjury was committed, was perpetrated outside the territorial jurisdiction of the court trying the case; if the evidence shows such to be the fact, the proper method of raising the question is by request for the affirmative charge.

9. *Perjury; Jurisdiction; Evidence.*—A person charged with perjury is entitled to affirmative instruction where there was no proof that the trial of the person in which the alleged perjury was committed, was had on written affidavit or complaint, and that the court trying it had jurisdiction of it.

10. *Evidence; Judicial Notice; Laws; Ordinance.*—While a court will take judicial notice of state laws, it cannot take judicial notice of municipal ordinances.

11. *Perjury; Evidence; Ordinance.*—Where the perjury was committed on the trial of a person charged with violating a municipal ordinance, the defendant is entitled to affirmative instructions if the state failed to prove such ordinance.

APPEAL from Gadsden City Court.

Heard before Hon. JOH H. DISQUE.

Jeff Thomas was convicted of perjury, and he appeals. Reversed and remanded.

[Thomas v. The State.]

Omitting formal charging part, the indictment is as follows: "(1) Jeff Thomas, on his examination as a witness, duly sworn to testify by the mayor of the city of Gadsden, who had authority to administer such oath, in a case against one Nat Passmore in the recorder's court of the city of Gadsden, under a charge for violating the prohibition law, falsely swore that he did not buy some whisky from Nat Passmore, the matters so sworn to being material, and the testimony of the said Jeff Thomas being willfully and corruptly false.

"(2) Jeff Thomas, on his examination as a witness, duly sworn to testify on the trial of one Nat Passmore, in the municipal court of the city of Gadsden, under a charge of violating the prohibition law, which said court had authority to administer such oath, falsely swore that he did not buy some whisky from Nat Passmore, and that he was not in Nat Passmore's house, and that he did not go in the direction of Nat Passmore's house, the matter so sworn to being material, and the testimony of the said Jeff Thomas being willfully and corruptly false. * * *

"(4) Jeff Thomas, on his examination as a witness, duly sworn to testify by the mayor of the city of Gadsden, who is the mayor ex officio recorder, and who had authority to administer such oath, said witness being examined in a case against one Nat Passmore in the recorder's court of the city of Gadsden under a charge of selling spirituous, vinous, or malt liquors, falsely swore that he did not give Nat Passmore 25 cents for some liquor, and that he was not present when the said Nat Passmore sold the liquor, the matters so sworn to being material, and the testimony of the said Jeff Thomas being willfully and corruptly false."

[Thomas v. The State.]

CULLI & MARTIN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-
ELL, Assistant Attorney General, for the State.

THOMAS, J.—The charge was perjury, and all counts
of the indictment went out on demurrer, except counts
1, 2, and 4, which will be set out in the report of the
case, and to which demurrers were overruled.

It is insisted—a point as raised by the demurrers—
that said counts 1 and 2 were defective because, in al-
leging, as each did, that the trial in which defendant
is alleged to have sworn falsely was a trial of one Pass-
more "under a charge of violating the prohibition law,"
each failed to show that the charge against said Pass-
more constituted an offense against the laws of Alabama,
and consequently that, for aught appearing to the con-
trary from the allegations of either count, the said trial
was not a legal trial; was not a trial wherein the court
in which the oath was administered to defendant had
jurisdiction to try the person, said Passmore, in whose
behalf defendant is alleged to have sworn falsely on said
trial.

(1) It is undoubtedly the law that, in the absence of
a statute to the contrary, perjury cannot be assigned
upon a false oath administered in a proceeding wholly
void for want of jurisdiction in the court to entertain
it; but it is also true that mere irregularities or infor-
malities in such proceedings not of a character as would
oust the jurisdiction of the court or prevent it from at-
taching in the first instance, constitute no defense to a
charge of perjury predicated upon a false oath taken
in such proceeding.—*Collins v. State*, 78 Ala. 433; *Brad-
ford v. State*, 134 Ala. 143, 32 South. 742; *Boynton v.
State*, 77 Ala. 29; 30 Cyc. 1411-1413. On the latter prop-

osition we quote as follows from the last authority cited (30 Cyc. 1412), to wit: Where there are defects and irregularities in the proceeding which are not jurisdictional, as where they render it voidable, and not absolutely void, and such proceeding is amendable, or where the defect has been waived by the parties, perjury may be committed therein. Perjury may be committed at a trial, although the complaint, declaration, or indictment, or other pleading, was bad on demurrer or motion in arrest of judgment, or where there are such irregularities or defects as would require a reversal of the cause on appeal."

Even, therefore, if we should interpret, as it is insisted we should do, said counts as averring that said Passmore was tried on an affidavit and warrant charging only that he had "violated the prohibition law," we are not prepared to say that such affidavit and warrant was wholly void, and that it conferred no jurisdiction whatever on the officer to try said Passmore; because we are aware that the same particularity in describing the offense in an indictment charging such offense is not required in an affidavit or warrant charging such offense, but that the latter is sufficient if it designates the offense by name or by some phrase which, in common parlance, describes it. We are further aware, as has been held by our Supreme Court, that neither an affidavit nor a warrant is necessary to the jurisdiction of a recorder to try a person for the violation of a municipal ordinance.—Code, § 6703, and cases there cited; 1 Mayf. Dig. 27, §§ 3, 4; 5 Mayf. Dig. 20; 6 Mayf. Dig. 16; *Brown v. State,* 63 Ala. 97; *Brazelton's Case,* 66 Ala. 96; *McGee v. State,* 115 Ala. 135, 22 South. 113.

The terms "violating the prohibition law" have by common usage, both on the part of the laity and of the

reviewing courts of the state by the employment of the expression in their opinions, acquired a definite signification in this state, and mean an offense against the laws prohibiting the manufacture, sale, or other disposition of spirituous, vinous, or malt liquors; and therefore it would seem that to charge in an affidavit and warrant that a named person had "violated the prohibition law" would be sufficient to give the officer jurisdiction to hear and determine the guilt of the person charged with respect to any offense falling within the designated class. Assuming, without deciding, that the affidavit and warrant would be demurrable as being too general and indefinite as to the charge, and not being sufficiently specific, they would not be wholly void (Fuller Bill [General and Local Acts 1909, p. 90, § 29½])—not any more so, it seems to us, than would an affidavit and warrant charging that a named person was guilty of "larceny," "burglary," "assault," or "assault and battery," etc., which have been held sufficient to confer jurisdiction.— Authorities supra last cited.

(2) However, these questions are not before us, since we do not interpret the counts now under consideration as averring, or as being intended to aver, by employing the words "violating the prohibition law," that said Passmore was tried on such a general charge—"violating the prohibition law;" but we understand these counts as meaning, by the employment of the words quoted, to allege or describe in a general way (for the purpose of meeting merely the requirements of section 7542 of the Code) "the substance of the proceedings" in which the false oath alleged against defendant was given, and to say that such proceedings were proceedings in the trial of said Passmore for an offense embraced within the general designation "violating the prohibition law,"

[Thomas v. The State.]

which terms we know from their acceptation in common use to mean a violation of the law prohibiting the manufacture, sale, etc., of spirituous, vinous, or malt liquors.

It is not necessary that the indictment here should allege the constituent elements of the offense for which Passmore was tried, but it is only necessary that such offense be described with sufficient definiteness as to apprise defendant as to what trial it was that during which as a witness he is alleged to have sworn falsely; in other words, it is only necessary that it state the substance of those proceedings.—Code, § 7542; Code, § 7161, form 81. We think this is sufficiently done by stating, as the counts here do, that such proceeding was a trial of one Nat Passmore before the recorder's court of the city of Gadsden under a charge of "violating the prohibition law." The Code form for charging perjury (form 81 of section 7161 of the Code) permits the description of the offense on the trial of which the perjuy was committed to be alleged by the general term "murder," where the name of the person murdered is given; and our Supreme Court have approved in such indictments the use of the general term "burglary," where the name of the person whose property was burglarized is given. —*Davis v. State,* 79 Ala. 20. But, as the law does not require that the name of the person to whom liquor has been sold be alleged in an indictment or affidavit charging another person with the selling (*Jones v. State,* 136 Ala. 118, 34 South. 236; Fuller Bill [see General and Local Acts 1909, p. 90, § 29½]), certainly it cannot be rationally contended that the law requires such name to be given in an indictment for perjury against one for testifying falsely in such a case as the former. See, also, as showing the sufficiency of the indictment here as to this matter, the indictments that received the sanction

of the reviewing court in the following cases: *Jones v. State,* 100 Ala. 35, 14 South. 98; *Maddox v. State,* 2 Ala. App. 244, 57 South. 95; *Johnson v. State,* 3 Ala. App. 98, 57 South. 389; *Barnett v. State,* 89 Ala. 169, 7 South. 414; *Hicks v. State,* 86 Ala. 30, 5 South. 425; *Walker v. State,* 96 Ala. 53, 11 South. 401.

(3) Count 4 of the indictment here was slightly more particular in the averments as to the said offense for which Passmore was tried, alleging, as it did, that he was tried under a charge of "selling spirituous, vinous, or malt liquors," which was certainly sufficient.—*Jones v. State,* 100 Ala. 35, 14 South. 98, and authorities last cited.

(4) Counts 1 and 4 describe the court in which the said Passmore was tried as the "recorder's court of the city of Gadsden." This designation of the court, "recorder's court," is the same as that employed in the general statute creating a municipal court for the several towns and cities of the state, and was certainly, as is conceded, a sufficient description of the court.—Code, §§ 1213-1229.

(5, 6) Count 2, however, describes the court as the municipal court of the city of Gadsden," and, while it is preferable that the same terms for describing such a court as are used in the statutes originating such courts be employed in an indictment designating such courts, yet we are unwilling to say that no other terms are admissible when such terms are, as here, such as to exclude any other idea but what the "recorder's court" is intended, because we judicially know, taking cognizance, as we do, of the public statutes of the state granting a general charter to the municipalities of the state and of the provision of the Constitution forbidding the granting of special charters, that no other mu-

nicipal court can by law exist in the city of Gadsden except the "recorder's court."—Const. § 104, subd. 6; Code, §§ 1213-1229.

(7) It was not necessary that the materiality of the matters alleged to have been falsely sworn to by defendant on the trial of said Passmore appear from the face of the indictment. The general averment that they were material, as contained in each count of the indictment, was entirely sufficient, under which the state had a right to show their materiality on the trial.—*Williams v. State,* 68 Ala. 551; *Peterson v. State,* 74 Ala. 34; *Jacobs v. State,* 61 Ala. 448; *McDaniel v. State, infra,* 69 South. 351. We may say, however, in passing, that their materiality did appear, not only from the evidence on the trial, but from the face of the indictment itself.—*Jones v. State,* 100 Ala. 35, 14 South. 98.

(8) Likewise it was not necessary that the indictment show that the offense for which Passmore was tried before the recorder was committed within the police jurisdiction of the city of Gadsden. The form prescribed for charging perjury, which was substantially followed here, does not make it essential that it be shown from the averments of the indictment that the offense on the trial of which the alleged perjury was done was committed within the territorial jurisdiction of the court trying the case.—Code, § 7161, form 81; Code, § 7542; *Smith v. State,* 103 Ala. 57, 15 South. 866; *Collins v. State,* 78 Ala. 433.

(9) These were matters to be taken advantage of, not by demurrer, but by a request for the affirmative charge, if the evidence should disclose a want of jurisdiction. —*Smith v. State, supra; Collins v. State, supra.*

There was more than one state's witness who testified to the falsity of defendant's oath in the recorder's

court on the trial of said Passmore, as well as there were other corroborating circumstances; and consequently the court did not err in refusing defendant the affirmative charge requested on the theory of a lack of corroboration.—*Joseph McDaniel v. State, infra,* 69 South. 351; *Williams v. State,* 68 Ala. 552; *Peterson v. State,* 74 Ala. 34.

(10, 11) The defendant was, however, entitled to the affirmative charge on another theory, as will be now shown, and the court erred in refusing such charge. In order to sustain the indictment we must interpret it as meaning by its averments that the charge on which Passmore was tried in the recorder's court, to wit, "a violation of the prohibtion law," was for a violation of the prohibition law of the state of Alabama, of which law we take judicial notice, and not for a violation of the prohibition ordinances of the city of Gadsden, of which, if any exist, we do not take judicial notice, and which we cannot even presume to exist in the absence of both allegation and proof.—*Case v. Mobile,* 30 Ala. 538; *Furhman v. Huntsville,* 54 Ala. 623; *Town of Clayton v. Martin,* 7 Ala. App. 190, 60 South. 963.

The indictment here containing no allegation of the existence of such an ordinance and no allegation from which its existence must necessarily be inferred, we must construe its averments as meaning that Passmore was tried for a violation of the state prohibition law. This being true, and the state having failed to offer any proof to show or tending even to show that the trial of Passmore was had on a written affidavit or complaint, the proof failed utterly to show that the court trying Passmore had any jurisdiction to try him; and hence, for aught to the contrary appearing, the proceedings in which defendant is alleged to have sworn falsely were

[Thomas v. The State.]

void.—*McKinstry v. Tuscaloosa*, 172 Ala. 347, 54 South. 629. This being so, he was entitled to the affirmative charge.—*Collins v. State*, 78 Ala. 433.

(12) On the other hand, even if the indictment should be construed as alleging that Passmore was tried for the violation of a municipal ordinance, the defendant here was equally entitled to the affirmative charge, because of the total failure of the state to offer in evidence and prove that there was such an ordinance.

Reversed and remanded.