3 So.2d 326

**WRIGHT v. STATE.**

8 Div. 129.

Supreme Court of Alabama.

June 30, 1941.

Henry D. Jones, of Florence, and Wm. Stell, of Russellville, for petitioner.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., opposed.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the petition.

Raymond Murphy, of Florence, opposed.

FOSTER, Justice.

On the trial of an indictment against this appellant for operating a motor vehicle while intoxicated, he is alleged to have testified that he was not driving the motor vehicle, and that such testimony was material on that trial. In the instant case he was indicted and tried for perjury in so testifying.

The Court of Appeals reversed the judgment of conviction on that charge for three reasons. One was the failure to allow sufficient cross-examination of the State's witness. Another was that the particular matter charged to have been false in his testimony was not material on the trial. Third, that the motion for a new trial should have been granted, because of the nature of the evidence against defendant.

We find nothing as to the first and third grounds on which the reversal was predicated for comment by us. On this review those matters are not open to our inquiry.

But as to the second ground above, we understand the Court of Appeals to express the view that because he was acquitted on the charge on the trial of which this evidence was given, such acquittal necessarily found that he was not intoxicated, and since the perjury indictment did not challenge that finding, though this defendant testified as to it as he did as to the other aspect of the offense of driving while intoxicated, the State thereby concurred in that finding, which if true rendered immaterial the inquiry of whether he was driving, since it is immaterial whether he was driving if he was not intoxicated. The argument is ingenious but not sound in principle.

The crime of perjury is committed, if at all, as soon as the false evidence is given. If it was then material, the question of materiality is settled as it affects a subsequent charge of perjury. It is therefore wholly immaterial what was the result reached on that trial. Jay v. State, 15 Ala. App. 255, 73 So. 137, certiorari denied Ex parte Jay, 198 Ala. 691, 73 So. 1000. It is said in State v. Fail, 121 Kan. 855, 857, 250 P. 311 (cited in 48 Corpus Juris 835, note

30, § 35) that "The materiality of the false testimony is to be determined in view of conditions at the time it is given, although subsequent developments may deprive it of any substantial bearing upon the ultimate question to be decided."

Moreover, we do not concur in the conclusion that the acquittal of defendant was a finding that he was not intoxicated, since it might have been based on the finding that he was not driving at all. We therefore cannot concur in that feature of the opinion of the Court of Appeals which holds that the evidence made the basis of this charge was not material to the issues in the former trial, nor became immaterial by subsequent developments.

Thus limiting that opinion, we deny certiorari for the reasons stated.

Certiorari denied.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.