83 So.2d 250

Youzema DORCH

v.

STATE.

5 Div. 447.

Court of Appeals of Alabama.

Nov. 1, 1955.

Glenn & Glenn, Opelika, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Youzema Dorch was convicted of the offense of perjury.

The indictment charges in effect that on his examination as a witness, duly sworn to testify on the trial of one Allen Herbert in the Recorder's Court of the City of Opelika, on a charge of driving a motor vehicle while intoxicated, which said court had authority to administer such oath, the said Dorch falsely swore that at the time the said Herbert was alleged to have been driving the said motor vehicle, Dorch, Herbert and another person had been sitting in it for two hours in the yard at defendant's home, and that Allen Herbert had not driven the said motor vehicle for two hours, the matters so sworn to being material, and the said testimony of this defendant being wilfully and corruptly false.

■  There is no merit in appellant's contention that the materiality of the testimony alleged to be false was not satisfactorily established.

The operation of the motor vehicle by the said Herbert was an essential element of the offense charged, and testimony that he was not driving could not be said to be immaterial.  Underwood v. State, 24 Ala. App. 191, 132 So. 606; Wright v. State, 241 Ala. 529, 3 So.2d 326.

■  The falsity of defendant's testimony on the trial of the said Herbert was sufficiently established under the rule that to sustain a conviction for perjury there must either be two witnesses to the corpus delicti, or one witness with strong corroboration.  Wofford v. State, 21 Ala.App. 521, 109 So. 886; Knight v. State, 30 Ala.App. 97, 1 So.2d 668, certiorari denied 241 Ala. 152, 1 So.2d 669.  The arresting officer testified he followed the truck Allen Herbert was in for three blocks through town and was right behind it as it drove into Dorch's yard; that he immediately got out of his car and went to the truck, as soon as it stopped, and Herbert was sitting behind the wheel.  His testimony was corroborated by other witnesses who testified that Dorch, Herbert and the other man were seen at different cafes during the time appellant claimed they were sitting in his yard.

■  However, it is our opinion that this case falls squarely under the decision of the court in Thomas v. State, 13 Ala.App. 421, 69 So. 413, 416, where it was held:

"The defendant was, however, entitled to the affirmative charge on another theory, as will be now shown, and the court erred in refusing such charge.  In order to sustain the indictment we must interpret it as meaning by its averments that the charge on which Passmore was tried in the recorder's court, to wit, 'a violation of the prohibition law,' was for a violation of the prohibition law of the state of Alabama, of which law we take judicial notice, and not for a violation of the prohibition ordinances of the city of Gadsden, of which, if any exist, we do not take judicial notice, and which we cannot even presume to exist

in the absence of both allegation and proof. Case v. [Mayor of] Mobile, 30 Ala. 538; Furhman v. [Mayor, etc., of City of] Huntsville, 54 Ala. 263; Town of Clayton v. Martin, 7 Ala.App. 190, 60 So. 963.

"The indictment here containing no allegation of the existence of such an ordinance and no allegation from which its existence must necessarily be inferred, we must construe its averments as meaning that Passmore was tried for a violation of the state prohibition law. This being true, and the state having failed to offer any proof to show or tending even to show that the trial of Passmore was had on a written affidavit or complaint, the proof failed utterly to show that the court trying Passmore had any jurisdiction to try him; and hence, for aught to the contrary appearing, the proceedings in which defendant is alleged to have sworn falsely were void. McKinstry v. [City of] Tuscaloosa, 172 Ala. [344] 347, 54 So. 629. This being so, he was entitled to the affirmative charge. Collins v. State, 78 Ala. 433.

"On the other hand, even if the indictment should be construed as alleging that Passmore was tried for the violation of a municipal ordinance, the defendant here was equally entitled to the affirmative charge, because of the total failure of the state to offer in evidence and prove that there was such an ordinance."

There is absolutely nothing in the record to show whether the said Herbert was tried for a violation of an ordinance of the City of Opelika or for a violation of a State statute. If he was tried for a violation of a State law the same lack of proof of the jurisdiction of the recorder's court to try Herbert, confronts us, as was set out in the Thomas case, supra. If he was tried for a violation of an ordinance, there was no allegation and proof of such an ordinance. Defendant was entitled to the general affirmative charge requested in writing.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.